## A. Gray v. M. W. Bonfield.

1. Rebuttal—*Evidence Proper in.*—A party holding the affirmative can introduce in rebuttal only such evidence as tends to answer new affirmative matter introduced by his adversary. As a matter of discretion, courts may allow in rebuttal, evidence which should have been given in chief, but a refusal to do so is not error.

Assumpsit, for commissions on sale of property. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 24, 1895

### STATEMENT OF THE CASE.

This was an action in assumpsit for commissions claimed by plaintiff from the defendant, because of an alleged sale of defendant's property by the plaintiff, who is by occupation a general broker.

The common counts with affidavit of claim were filed, together with a special count upon a contract to pay commission. The plea was the general issue.

Upon the trial the jury returned a verdict for defendant, and a special finding to the effect that the defendant did not employ the plaintiff to make the sale or exchange, for the making of which commission is claimed.

The question upon which the decision in the case turns is, did the defendant agree to pay the plaintiff $500, or five per cent of the value of the property, in case a sale or exchange was consummated? The value of the property, the rate of commission, and the consummation of a sale are not questioned, but admitted. The jury found against the plaintiff, and he appeals to reverse this judgment, and assigns the following reasons :

1.    The verdict is against the preponderance of evidence.

2.    The instructions given for defendant prejudiced the plaintiff's interests.

3.    Remarks by the court and defendant's attorney prejudiced the jury against the plaintiff's interests.

4.    Material evidence offered by the plaintiff was rejected by the court to the prejudice of the plaintiff.

5.    Improper evidence was admitted on behalf of the defendant to the prejudice of plaintiff.

KISTLER & JOSLYN, attorneys for appellant.

EDWARD MAHER and CHAS. C. GILBERT, attorneys for appellee.

Gray v. Bonfield.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

The verdict does not appear to be against the preponderance of the evidence but in accordance therewith. The instructions given for the defendant may have prejudiced the plaintiff's interests, but such instructions were in accordance with the law, and no more than the defendant was entitled to have given.

We find no remarks by the court calculated to prejudice the jury against the plaintiffs. The remarks of the defendant's attorney are not set forth in the record, but from our knowledge of him we presume that as he properly might, at some time during the trial, he did make remarks tending to bias the jury.

We do not find that the court rejected proper evidence offered at a proper time by the plaintiff. The testimony offered by the plaintiff which was rejected by the court, was offered in rebuttal; if admissible at all, it should have been given in chief.

As a matter of right, a party holding the affirmative can introduce in rebuttal only such evidence as tends to answer new, affirmative matter introduced by his adversary.

As a matter of discretion courts may, and often do allow in rebuttal, evidence which should have been given in chief; but a refusal to do so is not error. Thompson on Trials, Secs. 344 and 346.

Under the strongly conflicting testimony in this case, the written agreement from which, in the presence of appellant, appellee deliberately struck the word " commissions " is of controlling weight. Written documents do not, under the stimulus of passion or self-interest, forget, or conjure up a tale of that which never occurred.

The judgment of the Circuit Court is affirmed.