## John A. Ordway et al., Plaintiffs in Error, v. William F. Buckingham et al., Defendants in Error.

### Gen. No. 14,484.

1. PLEADING—*what competent upon rebuttal.* A plaintiff may prove his case regardless of the defendant's theory of defense and is entitled, after the defendant has developed his theory by evidence, to rebut such evidence of the defendant.

2. EVIDENCE—*how question in rebuttal should be framed.* Questions in rebuttal should either be limited to the specific matter sought to be admitted or denied, or else should be so framed as to call for a categorical admission or denial of the specific statement sought to be rebutted.

Assumpsit. Appeal from the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed December 7, 1909. Rehearing denied December 21, 1909.

FERGUSON & GOODNOW, for plaintiffs in error.

DEFREES, BUCKINGHAM, RITTER & CAMPBELL, for defendants in error.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

We are obliged to reverse and remand this cause for another trial because the learned trial judge erroneously excluded competent evidence offered by plaintiffs below, now plaintiffs in error, and thereby prevented their obtaining such full and fair hearing by the jury, upon the merits, as they were entitled to under the law.

Plaintiffs sold, with certain other goods, seventy pieces of French voile, to defendants. This suit is for the purchase price, or, rather, a part of the purchase price not recovered through an attachment suit prosecuted in Massachusetts. It is contended that at the time of the sale, September 9, 1903, which was made for future delivery, it was agreed that the voile

should be of a specified quality, and that fifty pieces of the goods should be black and twenty blue. Sometime subsequent to the sale the goods were shipped from Boston and delivered at the factory of defendants at La Porte, Indiana. At the trial defendants claimed that the goods were not of the quality ordered and did not correspond to sample and that, therefore, they had a right to rescind the contract and return the goods. The goods were shipped back but plaintiffs refused to receive them.

Upon their case in chief plaintiffs introduced evidence to the effect that defendants had given an order for the seventy pieces of voile of specified colors and that the goods were shipped in pursuance of this order. In the defense defendants did not dispute these matters, but introduced evidence tending to show that when the order was given it was given under a guaranty as to the quality of the goods and that, when received, the goods were far below the guaranty in quality. The contract of sale was made by Mr. Mumford, acting for plaintiffs, and Mr. Rae acting for defendants. For the purpose of contradicting the evidence introduced on behalf of defendants, in regard to the guaranty of quality, Mr. Mumford was called, in rebuttal, by plaintiffs. He was then asked: "Will you kindly state, as near as you can, the exact conversation which you had with Mr. Rae, on the ninth day of September, 1903, relative to the sale of the voiles in question, sold by Blodgett, Ordway & Weber to Buckingham Brothers & Company?" The attorney for defendants interposed an objection, saying: "We object on the ground that it is part of the plaintiffs' case in chief." This objection was sustained by the court and an exception to the ruling was duly taken. The case went to the jury, a verdict was returned in favor of defendants and the court rendered judgment upon the verdict.

There can be no dispute but what the answer called for by the question went to the merits of the contro-

versy and might have changed the result of the trial. The theory of the plaintiffs' case was that there was a sale without any guaranty. A plaintiff has an absolute right to prove his case according to his own theory of his right to recover and in total disregard of any theory of the defendant in respect to the case. Accordingly the plaintiffs, here, proved their case without undertaking, by their case in chief, to prove the negative that there was no guaranty. The proposition that there was a guaranty given at the time of the sale was an entirely new matter introduced by the defendants. "As a matter of right a party holding the affirmative can introduce in rebuttal only such evidence as tends to answer new affirmative matter introduced by his adversary." Gray v. Bonfield, 59 Ill. App. 381, 383, cited by defendants in error. Under this rule plaintiffs were entitled, as a matter of right, to controvert the evidence of guaranty introduced by defendants as new matter in defense. No further authority for this elementary rule need be cited.

True, the question as put by the attorney for plaintiffs was obviously obnoxious to a specific objection because too broad and comprehensive in its scope, for a rebuttal question, in calling for the conversation on that day between the two gentlemen. The question should have been so framed as only to call for what was said upon the subject of guaranty or to call for an answer which would directly admit or contradict some specific statement made by the defendants' witness upon that subject. But the objection, as put, only specified that the subject-matter called for was part of plaintiffs' case in chief and waived other objections.

We are obliged to reverse the judgment of the court below and to remand the case for a new trial.

*Reversed and remanded.*