Lawrence Smith, Appellant, v. Arvid Johnson, Appellee.

Gen. No. 46,281.

Opinion filed May 5, 1954.

Released for publication June 15, 1954.

JOSEPH REIFF, of Chicago, for appellant.

WYATT JACOBS, of Chicago, for appellee; JOSEPH B. LEDERLEITNER, of Chicago, of counsel.

Mr. Justice Lewe delivered the opinion of the court.

Plaintiff, a blind man, brought an action to recover damages for personal injuries sustained by him as a result of being struck by defendant's automobile while crossing a public highway. There was a jury trial, verdict, and judgment in favor of defendant. Plaintiff appeals.

The accident occurred about 6:30 p. m. on December 21, 1949, on Irving Park Boulevard, an east and west four-lane highway in the City of Chicago, near Octavia Street. Octavia Street runs north and south and intersects Irving Park Boulevard at right angles. At this intersection Forest Preserve Drive, which extends in a southwesterly and northeasterly direction, also crosses Irving Park Boulevard near Octavia Street. At the time plaintiff was injured visibility was poor due to mist and fog.

On the evening of the occurrence plaintiff, forty-seven years of age, was walking in a southerly direction from the northeast corner of Forest Preserve Drive and Irving Park Boulevard toward the south side of Irving Park Boulevard when he was hit by defendant's automobile. There is a sharp conflict in the testimony as to the point of the impact. Plaintiff's testimony shows that when crossing Irving Park Boulevard he was carrying a shopping bag containing four bottles of beer in his left hand and a cane in his right hand and that he was struck on his right side by defendant's eastbound automobile when plaintiff's "left foot hit the southeast curb of Octavia and Irving Park Boulevard."

According to defendant's testimony the right front of his automobile came in contact with the plaintiff when defendant's automobile was traveling about three feet south of the center line of Irving Park Boulevard and about 150 feet east of the crosswalk on Octavia

317

Street. Defendant denied seeing plaintiff's cane before the impact.

After the occurrence plaintiff was lying about three feet north of the south curb of Irving Park Boulevard and nearby, about two feet north of the south curb, broken glass from bottles which plaintiff carried was found. The parties stipulated that plaintiff's cane was found at the scene of the accident.

As defendant neared Forest Preserve Drive he "slowed down" and then proceeded east on Irving Park Boulevard at fifteen or twenty miles an hour. Defendant stated that there were no obstructions for "at least a block ahead"; that he first saw plaintiff when he was about ten feet in front of defendant's automobile; and that his automobile stopped in about five feet after striking the plaintiff.

On the day of the accident the defendant signed a statement on a form furnished by the Chicago Police Department, Accident Prevention Division, marked "Plaintiff's Exhibit 4," which contained the following question and answer: (Q) "With reference to this accident how far did your vehicle go after the accident before coming to a complete stop?" (A) "About sixty feet to south curb." At the trial plaintiff's counsel called the defendant as an adverse witness under section 60 of the Civil Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 184; Jones Ill. Stats. Ann. 104.060] and, referring to the police report, plaintiff's Exhibit 4, propounded the following question to defendant: "Was this question asked of you and did you make this answer: 'With reference to this accident how far did your vehicle go after the accident before coming to a complete stop?' and did you make this answer: 'About sixty feet to the south curb'?" Over counsel for defendant's repeated objection the defendant answered: "I might have, yes." Defendant's counsel insisted that the police

report be introduced on the ground that it was the best evidence. Substantially the same question asked defendant was propounded to plaintiff's witness, Patrick Breen, a police officer who took the statement (plaintiff's Exhibit 4) from the defendant. Defendant's counsel again objected "on the ground that unless you have the entire document [plaintiff's Exhibit 4] it would be confusing."

Plaintiff contends that defendant's counsel's challenges to plaintiff, in the presence of the jury, to introduce the police report into evidence was prejudicial. We agree. The police report was clearly inadmissible and defendant's insistence that it be received in evidence has been repeatedly condemned. See *Paliokaitis v. Checker Taxi Co.,* 324 Ill. App. 21 and *Ruppaner v. Waue,* 342 Ill. App. 451.

Plaintiff insists that defendant's cross-examination of police officers Doherty and Breen was improper. The evidence shows that these officers reached the scene of the accident about three hours after the occurrence. Officer Doherty was asked the following question: "You found in your investigation that the accident did not happen at an intersection, did you not?" And Officer Breen was asked if he made an investigation as to the condition of the weather at the time of the accident. Both of these questions call for conclusions based on hearsay.

Doctor Urban Comes, called by plaintiff, testified on direct examination that plaintiff complained frequently of headaches. On cross-examination of this witness defendant's counsel exhibited to him some "nurses' notes," none of which were in Dr. Comes' handwriting. He was then asked, "See if there is any complaint of any headaches made by plaintiff." This question was clearly objectionable because the "nurses' notes" speak for themselves and did not tend to dis-

319

credit the credibility of Dr. Comes. For the reasons heretofore stated, we are impelled to reverse the judgment and remand the cause.

For the purpose of guiding the trial court in the event the cause is retried we shall dispose of the other questions presented.

Criticism is levelled at certain given instructions, Nos. 13, 15 and 16, tendered by the defendant.

Defendant's instruction number 13 was approved in substantially the same form in *Turzinski v. Pam*, 392 Ill. 471, and we think it correctly states the law governing the present case.

██ Defendant's instruction number 16 states that if the jury believe the plaintiff was injured as the result of an "accident" which occurred without the fault either of the plaintiff or of the defendant. . . . Plaintiff contends that there was no evidence that the occurrence was the result of an accident. We agree. Moreover, defendant's answer avers that plaintiff was injured as a result of his carelessness and negligence. The giving of this instruction should be discouraged. It is only when there is evidence tending to show that plaintiff was injured through accident alone, not coupled with negligence, that the giving of such instruction is permissible. (*Williams v. Matlin*, 328 Ill. App. 645.)

Defendant's instruction 15 states: "If you believe from the evidence that plaintiff and defendant were both guilty of negligence which proximately contributed to the injury or damage complained of, you are instructed that you have no right to compare the negligence of plaintiff with that of the defendant, and find a verdict according to which side you think guilty of the greater degree of negligence. . . ."

Plaintiff says that it is difficult to perceive under what circumstances a blind person could be guilty of contributory negligence under the provisions of chap-

ter 95½, section 172a, Illinois Revised Statutes 1949 [Jones Ill. Stats. Ann. 85.204(1)].

Since plaintiff's instructions numbers 2 and 3 recognize that the plaintiff is charged with the duty of exercising care for his own safety, he cannot complain of an erroneous instruction where his own instructions are subject to the same criticism. (*Hockersmith v. Cox,* 407 Ill. 321.)

For the reasons given the judgment is reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded for a new trial.*

FEINBERG, P. J. and KILEY, J., concur.