**Sharon Enloe, Plaintiff-Appellee, v. Nora
Kirkwood, Defendant-Appellant.**

Gen. No. 69–8.

Fifth District.

February 18, 1970.

Walker J. Henry, of Lawrenceville (Jack E. Horsley and Richard F. Record, Jr., of Mattoon, of counsel), for appellant.

Carr, Raffaelle & Cook, of East St. Louis (Rex Carr, of counsel), for appellee.

**GOLDENHERSH, J.**

Defendant appeals from the judgment of the Circuit Court of Lawrence County, entered upon a jury verdict in the amount of $150,000.

As her first ground for reversal defendant contends the trial court erred in denying that portion of her post-trial motion which sought arrest of judgment.

█ Plaintiff's complaint as amended alleges that plaintiff was riding as a passenger in an automobile driven by defendant, was not guilty of any wilful or wanton acts which contributed to her injury, that defendant committed one or more of the following wilful and wanton acts:

> "4. That on or about said time and place the defendant committed one or more of the following wilful and wanton acts:
>
>> "(a) With a conscious disregard for substantial risk to the safety of other persons, including plaintiff, she wilfully and wantonly drove said automobile off of the highway onto the shoulder at high speed.
>>
>> "(b) With a conscious disregard for substantial risk to the safety of other persons, including plaintiff, she wilfully and wantonly failed to keep the automobile she was driving under proper control.
>>
>> "(c) With a conscious disregard for substantial risk to the safety of other persons, including plaintiff, she wilfully and wantonly failed to keep a proper lookout for conditions and hazards of the highway.
>
> "5. That as a direct and proximate result of one or more of the foregoing wilful and wanton acts or omissions on the part of the defendant, the defendant drove her said automobile off of the left

side of said highway, causing said automobile to crash and tumble, and tossing the plaintiff to and fro against divers hard surfaces of said automobile, causing plaintiff to sustain severe and permanent injuries, . . . ."

We have examined the many authorities cited by the parties and conclude that under the authority of Larson v. Harris, 77 Ill App2d 430, 222 NE2d 566 (affirmed 38 Ill2d 436, 231 NE2d 421), the complaint stated a cause of action, and the trial court correctly refused to arrest judgment.

Defendant next contends the trial court should have entered judgment notwithstanding the verdict.

The testimony shows that on January 9, 1965, plaintiff and defendant, both 17 years of age, had gone to a movie in Vincennes, Indiana. After the movie they went to a drive-in restaurant. Defendant drove away from the drive-in with a milk shake container held between her legs.

Joel Townsend testified he saw defendant's automobile in Vincennes, Indiana. He observed two girls in the front seat, and noticed they had a container that would "contain some kind of Coke or a milk shake," that was passed between them. He preceded defendant's car onto Route 50 and as he drove west defendant's automobile followed him at a distance of approximately 100 yards. His speed did not at any time exceed 55 miles per hour, both cars were in the right-hand lane, as he approached the Lawrenceville exit from Route 50 defendant's car moved to the left and went off the shoulder. At this point the highway makes a gradual curve to the right and there is a deep ravine sloping down on the left side of the road. He described defendant's move to the left as a movement one would expect if it were moving to the left to pass another car. The speed limit at this point is 70 miles per hour.

Defendant testified the condition of her health, vision and eyesight prior to the occurrence was good, and she had had a good night's sleep the night before. She was thoroughly familiar with the highway, her headlights were on, and she could see the traffic clearly in front of her. She passed no vehicle and none passed her. She was watching the road, did not fall asleep, but cannot remember anything from the time she crossed the bridge in Vincennes until she became conscious in the ditch after the occurrence. She thought that sometime during the accident the statement "Look out Jane" either passed through her mind or was spoken by plaintiff.

Plaintiff had no recollection of driving from Vincennes to the scene of the accident.

John Fahnestock, Chief of Police at Lawrenceville, testified he went to the scene and investigated the occurrence. He stated that the distance from where the automobile left the pavement to where it was later observed was 144 feet, and the distance, perpendicularly, from the car to the edge of the pavement, was 65 feet. The shoulder at that point is approximately 8 to 10 feet wide. There were no skid marks on the pavement but there were automobile tracks on the shoulder at about a forty-degree angle. The exit to Lawrenceville is on the left-hand side of the westbound two-lane section of Route 50. An automobile approaching the exit from the east encounters a "sweeping curve" to the right, after which the highway is straight for about 150 yards and then turns to the left. Mr. Fahnestock testified that in answer to his inquiry as to what happened, defendant stated she did not know, she was just driving down the highway and all of a sudden they were off the highway.

The witnesses are in agreement that the weather was cold and clear, the pavement dry, and the time of the occurrence shortly after 9:30 p. m.

121

■ The testimony shows an occurrence strikingly similar to that in Larson v. Harris (supra). Applying the rule of Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504, we hold the trial court correctly denied defendant's motion for judgment n. o. v.

■ Defendant urges as grounds for reversal that "numerous errors occurred during the trial with regard to the trial court's rulings on admission or exclusion of evidence which taken separately or in the aggregate irremediably prejudiced this defendant . . . ." We have examined the errors complained of, and with one exception, they are not designated with sufficient specificity in the post-trial motion to preserve them for review, County Board of School Trustees of Macon County v. Batchelder, 7 Ill2d 178, 130 NE2d 175; Williams v. Brown Mfg. Co., Inc., 93 Ill App2d 334, 365, 236 NE2d 125.

■ In her post-trial motion defendant states:

> "17. The Court erred in allowing testimony of medical experts as to the question of fertility of plaintiff and her purported future inability to have children when there had been no foundation laid by the evidence that plaintiff ever had any fertility or could ever have had children, all of which was objected to repeatedly throughout the testimony of said medical experts."

In the absence of evidence to the contrary, plaintiff is presumed to have had the capacity to bear children. Roedler v. Vandalia Bus Lines, Inc., 281 Ill App 520.

■ ■ Defendant contends plaintiff's counsel's closing argument was "so grossly improper that it caused a deterioration of the judicial process and deprived defendant of a fair trial." The record shows that in the opening portion of plaintiff's attorney's argument two objec-

122

tions were made. One objection was sustained and the overruling of the other is neither set forth in the post-trial motion nor argued in defendant's brief. In closing argument there were two objections, one of which was sustained. The other involved counsel's discussion of an instruction and the court overruled it. What distinguishes this case from Mattice v. Klawans, 312 Ill 299, 143 NE 866, cited by defendant, is that here counsel did not misstate the law. Furthermore, his comments were a reasonable response to defense counsel's argument as to what constitutes wilful and wanton misconduct.

We have considered defendant's many contentions with respect to allegedly flagrant instances of counsel's misconduct to which no objection was made. The rule governing review of assignments of error based upon alleged improper argument to the jury is clearly stated in Belfield v. Coop, 8 Ill2d 293, 134 NE2d 249. The character and scope of argument to the jury is left very largely to the trial court, and every reasonable presumption must be indulged in that the trial court has performed his duty and properly exercised the discretion vested in him. North Chicago St. R. Co. v. Cotton, 140 Ill 486, 29 NE 899. The attitude and demeanor of counsel and the general atmosphere of the trial are observed by the trial court, and cannot be reproduced in the record on appeal. The trial court is, therefore, in a better position than a reviewing court to determine the prejudicial effect, if any, of a remark made during argument, and unless clearly an abuse of discretion, its ruling should be upheld. City of Chicago v. Chicago Title & Trust Co., 331 Ill 322, 163 NE 17. In determining that there was here no abuse of discretion resulting in prejudice to the defendant, we note she does not charge error in instructing the jury, nor does she contend the verdict is excessive.

We find no error requiring reversal and the judgment of the Circuit Court of Lawrence County is affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.