Bertha L. Pope, Plaintiff-Appellant, v. St. John's Hospital of the Hospital Sisters of the Third Order of St. Francis, a Corporation, Defendant-Appellee.

Gen. No. 11,191.

Fourth District.

August 31, 1970.

Rehearing denied October 5, 1970.

Thomas F. Londrigan, of Springfield, for appellant.

R. G. Heckenkamp and W. J. Simhauser, of Springfield, for appellee.

SMITH, J.

This is an appeal by the plaintiff from a judgment entered on a jury's verdict finding the defendant-hospital not guilty in the maintenance of its terrazzo entrance. The plaintiff seeks a new trial on two grounds: (1) The

court erred in excluding weather reports showing weather conditions when offered in rebuttal and (2) it erred in failing to give an instruction relating to the defendant's failure to call or to give adequate explanation for the failure to call certain witnesses within the control of the defendant.

The plaintiff slipped and fell on a wet terrazzo surface in the entranceway to the defendant-hospital and sustained a broken ankle. She charged the defendant with three separate acts of negligence, that is, (1) failed to keep said inside entrance and stairway free of water, (2) maintained a dangerous entrance and stairway which became slippery when water was deposited thereon and (3) failed to give warning or notice of aforesaid dangerous condition. There is no controversy in this record but that it was raining and that the entranceway was wet. A documentary report of the defendant's housekeeper stated that plaintiff "slipped on wet steps (raining)." The plaintiff testified that she slipped before she got to the handrail along the steps. Plaintiff's daughter-in-law testified that the terrazzo was wet with dirty water covering the floor. She was in front of her mother-in-law and did not see her slip. A third witness testified that there was a lady (plaintiff) ahead of him and as she started down the steps, she slipped and landed on the landing. He helped pick her up. He also testified that it was raining at the time and that the steps and landing were wet. The housekeeper testified that "there was a little moisture on the stairs and that she did not know whether the entrance way was wet or dry."

 Admitted into evidence was a document entitled "Job Description" which, among other things, imposed upon the janitor the responsibility for "5. Safety of others. (a) Must see that the general public, patients and fellow employees are cautioned either verbally or by printed signs, as to areas of possible danger of slipping

and falling on wet surfaces, . . . ." The supervisor of the maintenance department likewise testified that "my housekeeping instructions were always watch additionally during inclement weather and mop them as required." The weather report which was denied admission into evidence was not offered on direct examination, but in rebuttal. It was apparently offered in rebuttal to impeach the testimony of one witness that he did not assign anyone to the stairway because he didn't remember whether it was raining in the daytime. The plaintiff argues that the failure to admit the weather report was highly prejudicial to her case on the theory that the weather report would establish that the weather was inclement, and being inclement, it became the duty of the defendant's employees to assign someone to keep the stairway clean of water accumulation. We have already recited the testimony concerning the water that was present on the landing. Not a single witness testified that it was not raining or had not been raining. The issue, as the trial judge put it, was not how much water was outside, but how much water was on the landing inside. There is no evidence that it was not raining or that it had not been raining. There was nothing to explain, repel, contradict or disprove. People v. Bell, 328 Ill 446, 159 NE 807. Such is the purpose of rebuttal testimony. The record here is far removed from that in Chicago & N. W. Ry. Co. v. Trayes, 17 Ill App 136. In that case, the court ruled that a weather record showing clear weather on the date of the accident offered by the defendant to contradict the testimony of the plaintiff that it was a cold, dark stormy night was competent and material. The plaintiff argues that since the defense counsel objected to the admissibility of this weather report on the ground that it was "prejudicial" to the defendant, then it follows as a matter of course that its exclusion had to be prejudicial to the plaintiff. Such argument is not persuasive

as a basis for the admissibility of the document. To permit characterizations of evidence by counsel to carry over from one side to the other is to institute new, strange, vague and uncertain tests for the admissibility of evidence. We agree with the trial court that the weather report under the facts shown in this record offered nothing on any issue that was in dispute. The record establishes that the weather was inclement, and it is not denied.

██ Plaintiff likewise complains that the defendant did not call the witness, Russell Chism, whose name had been supplied to the plaintiff and who gave a statement to the plaintiff. The plaintiff argues that Chism was a very valuable and favorable witness to the defendant in that he could have established (1) that the steps were not wet, (2) that the housekeeping department had mopped the entranceway and stairs several times in accordance with custom and regulations and (3) that either verbal or written warnings were given the public in accordance with the custom and regulations. It is quite apparent from this record that this witness could not have done these things without committing perjury and without contradicting flatly his statement taken by the plaintiff. In his statement, he said that he was in the lobby, heard a commotion and came out and saw a man putting a lady into a wheelchair. He did not see the lady fall. He further stated "the steps were wet. I don't know whether it was from rain or snow . . . I don't know whether or not the floor had been mopped that night . . . No one specifically assigned to mopping floors that I know of . . . I didn't see anyone mop the steps after the lady fell . . . The water on the steps was just that which had been tracked in . . . I don't believe a person was any more apt to fall when the steps were wet than when they were dry. I saw some people fall when the steps were bone dry. I think I was delegated the duty

of polishing the brasswork on the doors and rails." These are the pertinent portions of the witness' statement given to the plaintiff in writing and signed by the witness. Based on this situation as to Chism, the plaintiff contends that the trial court erred in refusing to give IPI Instruction 5.01, which in substance, states that the court may tell the jury that "if a party to this case has failed to produce a witness within his power to produce, you may infer that the testimony of the witness would be adverse to that party if you believed each of the following elements: (1) The witness was under the control of the party and could have been produced by the exercise of reasonable diligence; (2) The witness was not equally available to an adverse party; (3) A reasonably prudent person under the same or similar circumstances would have produced the witness if he believed the testimony would be favorable to him, and (4) No reasonable excuse for the failure has been shown." Plaintiff cites Leming v. Oltman, 87 Ill App2d 97, 231 NE2d 621, in which this court held that it was proper to give this instruction where the record indicated a longtime friendship with the defendant, which suggested a likelihood that he would be biased against the plaintiff and the only reason assigned by defendant's counsel was the mere statement that "he isn't here" and that counsel did not intend to call him. That case was an automobile accident case in which the witness referred to was a passenger in the car and thus, a key witness. This is far afield from the situation before us here. The facts given in Chism's statement to the plaintiff—and there is nothing that suggests that he would not have so testified on the trial—were facts and circumstances already established in the evidence and were merely cumulative. If his testimony would have aided the plaintiff, there seems to be little reason for her failure to call him. The record indicates that the plaintiff served notice on the defendant request-

ing that certain employees be present to testify pursuant to Supreme Court Rule 237. There is nothing that would indicate that Chism would not likewise have been available. There is nothing to indicate prejudice or bias in his statement. As stated in 135 ALR 1377, "It is the privilege of a suitor to call every person as a witness who may give material evidence in his favor, and if he omits to do so, he does it at his peril; but there is no duty, and an omission to call all that are within reach does not necessarily imply a fraud or a design to suppress the truth or to impose a falsehood upon the jury." To have given the requested instruction in this case and to permit counsel to argue to the jury the inference that the testimony of Chism would have been contrary to the defendant's position is for the court to fly squarely into the face of Chism's statement and permit an inference about his testimony which is simply not a fact. The giving of the instruction would have supplied an inference against the defendant which the statement of the witness does not warrant. The refusal of the instruction under the facts here shown was not error. Accordingly, for the errors assigned, a new trial is not warranted and the judgment of the trial court is affirmed.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.