JORGE RODRIGUEZ, Plaintiff-Appellant, *v.* THE CITY OF CHICAGO, Defendant-Appellee.

(No. 58876;

First District (5th Division)—July 26, 1974.

Lane, Falasz, Pollman & Munday, of Chicago (Fred Lane and John Munday, of counsel), for appellant.

Richard L. Curry, Corporation Counsel, of Chicago (Daniel Pascale and Peter Fitzpatrick, Assistant Corporation Counsel, of counsel), for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff, the driver of an automobile, sued defendant for personal injuries resulting when his vehicle went out of control and struck an iron fence post at the side of the roadway. He alleged that the proximate cause of the accident was a chuckhole located in one of defendant's streets. The jury found in favor of defendant and against plaintiff, and judgment was entered on the verdict.

Plaintiff does not contest the sufficiency of the evidence to support the verdict. On appeal he contends that: (1) the court erred in refusing to allow certain rebuttal testimony to be introduced; (2) defense counsel committed reversible error by his closing argument; (3) error was committed when defense counsel offered to stipulate to the introduction of a police report; and (4) the court erred in denying plaintiff's motion for a mistrial following a volunteered hearsay statement.

Since the sufficiency of the evidence is not in issue, we shall only highlight the relevant facts. This accident occurred on the Damen Avenue

bridge, which is four lanes wide, two lanes going northbound and two going southbound. Plaintiff was driving north, in the outside lane, in his 1967 Camero automobile. He testified and introduced evidence to show that as his car passed over the chuckhole, his head hit the roof of the auto, and he was knocked semi-conscious. He then lost control of the vehicle, and, after traveling 1400 feet, the car struck an iron fence post. Defendant introduced evidence, including expert testimony on a 1967 Camero's suspension system, which contradicted plaintiff's theory of the accident and which, if believed, would demonstrate that even if plaintiff's auto had struck the chuckhole, a fact contested by defendant, the chuckhole would not have caused plaintiff to strike his head against the roof.

OPINION

Plaintiff first contends that the court erred in refusing him the opportunity to offer testimony to rebut the expert testimony of defendant's witness, Dr. Easton. Easton testified to the characteristics of a 1967 Camero automobile and specifically described its suspension system. In answer to hypothetical questions, he stated that striking the chuckhole under the circumstances presented would not deflect or change the course of the automobile, nor would it cause the driver to strike his head against the roof of the car. On cross-examination plaintiff brought out for the first time that Dr. Easton had conducted some road tests, although the results of these tests were never introduced into evidence. In rebuttal plaintiff called Dr. Nagler, who contradicted and further explained Dr. Easton's testimony concerning the suspension system and the results that would occur if the car struck the chuckhole. Then plaintiff called Edmund Rahal to testify in rebuttal. By way of qualifications it was shown that Rahal was in the profession of reconstructing automobile accidents and running road tests. Plaintiff attempted to introduce the results of Rahal's tests and have him answer hypothetical questions but was not allowed to do so.

■■ A party holding the affirmative can introduce in rebuttal only such evidence as tends to answer, explain, repel, contradict, or dispose of new affirmative matter introduced by the defendant. (*Pope v. St. John's Hospital*, 128 Ill.App.2d 325, 262 N.E.2d 369; *Ordway v. Buckingham*, 152 Ill.App. 45.) The allowance of rebuttal evidence is a matter within the sound discretion of the trial judge. (*Johnson v. Chicago & North Western Ry. Co.*, 9 Ill.App.2d 340, 132 N.E.2d 678.) Furthermore, as stated in *Pepe v. Caputo*, 408 Ill. 321, 328, 97 N.E.2d 260:

> "It is well settled that where testimony might properly have been introduced, as part of the proof in chief, it is discretionary with the trial court whether such testimony shall be admitted in rebuttal. (*City of Sandwich v. Dolan*, 141 Ill. 430.) The evidence

offered here did not rebut any specific testimony of the defendant's witnesses. It was definitely cumulative evidence by those who testified in chief."

■■ Rahl's testimony concerning road tests could not have rebutted any evidence brought out by defendant for defendant never introduced any evidence of road tests. Only when plaintiff cross-examined Dr. Easton were road tests mentioned, and even then no results of these tests were ever introduced into evidence. If plaintiff was attempting to contradict Dr. Easton's testimony through Rahal, at most it would only be cumulative to Dr. Nagler's rebuttal testimony. Plaintiff also argued that such tests would be probative on the issue of liability. This testimony would then more properly belong in plaintiff's case-in-chief, and the court did not abuse its discretion in refusing to allow it in rebuttal.

As to the court's refusal to allow Rahal to answer hypothetical questions relating to whether the chuckhole caused plaintiff's head to strike the car's roof, the only basis for Rahal's testimony stemmed from the road tests he conducted. Therefore, if he was allowed to answer these hypothetical questions, plaintiff would be achieving indirectly what he couldn't do directly. Furthermore, after reviewing the hypothetical questions actually posed, we find that they were improper in that the questions were phrased in a manner in which only one answer was possible, and further, they assumed facts not supported by the evidence.

Plaintiff argues that the court erred in refusing to allow him to offer evidence, in rebuttal, of a prior inconsistent statement made by defendant's witness, Officer Versteegh. On cross-examination of Versteegh the following colloquy occurred:

"[By plaintiff's counsel] Q: Yes, somebody asked you to come over to our office or talk with us about this collision, is that correct?

A: I received, I think, several phone calls.

Q: Yes, and you told Mr. Feta that you couldn't talk with us unless you got permission from the defense lawyers, is that correct?

A: I don't recall that I told him that. I explained to him that this was a case involving the city of Chicago, and as a police officer, my duty is to testify as to the report and as to what I found at the scene of the accident.

Q: I know, but did you give a statement to them?

A: I didn't give no written statements. I had a conversation with—

Mr. Lane: Okay. I have no further questions."

Plaintiff then attempted to call Mr. Feta to testify as to Versteegh's statements but was not allowed to do so.

■■ "The testimony of a witness as to a collateral or immaterial matter

is not subject to impeachment by proof of his prior contradictory statements. People v. Pfandschmidt, 262 Ill. 411, 104 N.E. 804; Wheeler v. City of Le Roy, 296 Ill. 579, 130 N.E. 330." (*Sullivan v. Fawver*, 58 Ill. App.2d 37, 46-47, 206 N.E.2d 492.) The trial court in its memorandum opinion on post-trial motion stated that this would constitute impeachment on an immaterial matter. Whether or not Officer Versteegh had told plaintiff's counsel he could not speak with them without first obtaining permission from defense counsel certainly is at best collateral to the principal issue of what proximately caused the accident. The trial court was correct in the exclusion of this prior statement.

Plaintiff alleges that the court erred in refusing to allow him to recall, in rebuttal, a witness who testified in plaintiff's case-in-chief in order to clarify his testimony concerning the dimensions of the chuckhole. William Royal was the only witness to give testimony as to the dimensions of the chuckhole. These dimensions were used by both counsel in hypothetical questions to their expert witnesses. Also during a conference between the court and both counsel during trial, plaintiff's counsel confirmed the dimensions as originally given. After the defense had rested, plaintiff tried to recall Royal in rebuttal. In plaintiff's offer of proof it is evident that Royal was going to testify that the hole was actually a foot longer in a north-south direction than he had originally indicated.

■■ It was in the trial court's discretion whether to admit testimony in rebuttal which more properly should have been in plaintiff's case-in-chief and which does not controvert new matter introduced by defendant. (*Gray v. Bonfield*, 59 Ill.App. 381; *Johnson v. Chicago & North Western Ry. Co.*) It would have been highly inequitable to allow plaintiff to contradict the undisputed dimensions of the chuckhole, at this stage of the proceedings, especially when these dimensions were originally introduced in his own case-in-chief. Therefore, the trial court did not abuse the discretion vested in him.

Plaintiff urges that prejudicial error was committed when defense counsel during his closing argument averred that the City did not have sufficient funds to compensate every person who gets hurt on a city street. He relies on *Panelle v. Chicago Transit Authority*, 31 Ill.2d 560, 202 N.E.2d 484, to support his contention. In *Panelle* a similar closing argument was made. Although objections to the argument were sustained, no instruction was given to the jury to disregard the remarks. Later the trial judge granted a new trial because of the remarks, and this was upheld on appeal.

In *Enloe v. Kirkwood*, 120 Ill.App.2d 117, 123, 256 N.E.2d 459, the court discussed the trial court's superior opportunity to weigh the prejudicial effect of improper argument when it said:

"The attitude and demeanor of counsel and the general atmosphere of the trial are observed by the trial court, and cannot be reproduced in the record on appeal. The trial court is, therefore, in a better position than a reviewing court to determine the prejudicial effect, if any, of a remark made during argument, and unless clearly an abuse of discretion, its ruling should be upheld. City of Chicago v. Chicago Title & Trust Co., 331 Ill. 322, 163 N.E. 17."

■■ Objection to this fleeting remark was quickly made and sustained. Additionally, the jury was instructed to disregard the remark. The trial court, in its memorandum opinion, felt that the curative actions taken immediately after the remark was made were sufficient to overcome any possible prejudice. We find, after reviewing the record, that this decision was not an abuse of discretion.

During plaintiff's cross-examination of Officer Versteegh many questions were posed concerning a diagram contained in the officer's police report. The diagram was prepared from the officer's personal knowledge gained at the scene of the accident. After a few questions, some confusion arose between the witness and plaintiff's counsel as to lines contained in the diagram. At this point defense counsel stated, "I'll agree to put that in evidence if there's any question about it." Plaintiff, relying on *Smith v. Johnson*, 2 Ill.App.2d 315, 120 N.E.2d 58, urges that the offer to introduce a police report was reversible error. It should be noted that in *Smith* defendant "insisted" that the report be introduced into evidence, while in the instant case defendant merely suggested its introduction to assist plaintiff in clearing up any confusion.

■■ Although police reports are usually inadmissible in evidence, it has been held that a diagram made by the officer and contained within the report may be admissible. The diagram is explanatory in nature and would give the jury a clearer picture so that they could more intelligently consider the officer's testimony. (*Walls v. Jul*, 118 Ill.App.2d 242, 254 N.E.2d 173.) From reviewing the record we conclude that defense counsel's remarks were directed solely at the diagram, and since it would have been admissible anyway, we find no prejudicial error was committed.

Finally, plaintiff argues that the court erred in denying his motion for a mistrial when on cross-examination of Officer Versteegh the witness allegedly volunteered a hearsay statement that plaintiff was traveling too fast for conditions. The colloquy went as follows:

"Q: [By plaintiff's counsel] Now, your job as a police investigator is to make a determination as to what caused a collision, is that correct?

A: Yes, Sir.

Q: All that you determined in your police report is that the automobile skidded and ran off the road and struck the iron guard rail, is that correct?

A: I believe I indicated on the police report that the vehicle was traveling too fast for conditions."

Plaintiff's objection was sustained, and the jury was instructed to disregard the remark.

■■ It is a well-established rule that counsel cannot complain about error he himself invited. (*Kelley v. Call*, 324 Ill.App. 143, 57 N.E.2d 501.) Officer Versteegh's answer was responsive to the questions asked him, so plaintiff is hardly in a position to complain about responsive answers which his own questions evoked. Furthermore, the court's prompt actions cured any error that might have existed.

After reviewing the entire record, we find no reversible error. The judgment is affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.