Mike Callos, Plaintiff, v. Public Taxi Service, Inc. and
William Sumberg, Defendants.
George Boznos, Plaintiff, v. Public Taxi Service, Inc.
and William Sumberg, Defendants.
Mike Callos, Appellee, v. Public Taxi Service, Inc.,
Appellant.

Gen. No. 39,332.

400

Opinion filed November 16, 1937.

DeWitt Cleland, of Chicago, for appellant; Wyatt Jacobs and Donald L. Vetter, both of Chicago, of counsel.

Charles R. Aiken, of Chicago, for appellee.

Mr. Justice Scanlan delivered the opinion of the court.

On October 8, 1934, Mike Callos sued Public Taxi Service, Inc., a corporation, and William Sumberg, to recover damages for personal injuries sustained in a collision between an automobile in which Callos was a passenger and a taxicab owned by Public Taxi Service, Inc. (hereinafter called Taxi Company) and operated by William Sumberg, its servant. Defendants filed an answer to the complaint. Later, George Boznos, the driver of the automobile in which Callos was riding, sued the same defendants to recover for personal injuries sustained and for damage to his automobile. Defendants filed an answer to that complaint, Taxi Company filed a counterclaim against Boznos for damage to its automobile, and Sumberg filed a counterclaim against Boznos for injuries sustained by Sumberg. On motion of Taxi Company and Sumberg the two cases were consolidated for trial. Before the jury, called to try the cases, retired to con-

sider its verdict, on motion of Sumberg his counterclaim was stricken. The jury returned a verdict finding Taxi Company and Sumberg not guilty; and another verdict finding "Plaintiff, George Boznos guilty on Defendant, Public Taxi Service, Inc., a Corporation, counter claim, and assess Defendant damages at the sum of One Dollar ($1.00)." The following interrogatories were also submitted to the jury: "Was the automobile in question, driven by George Boznos, at the time and place in question, wilfully, wantonly and maliciously run upon and against the automobile which William Sumberg was driving?" "Was the automobile in question driven by William Sumberg at the time and place in question, wilfully and wantonly and maliciously run upon and against the automobile which the plaintiff Mike Callos was riding in, and which plaintiff, George Boznos, was driving?" To each interrogatory the jury answered, "No." Callos and Boznos filed separate written motions for a new trial. The court allowed the motion of Callos but denied the motion of Boznos. Judgment followed.

We granted Taxi Company's petition for leave to appeal from the order "granting a new trial to Mike Callos" against it (Gen. No. 39,332). Callos and Boznos appeal (Gen. No. 39,427) from the judgments "that plaintiff Mike Callos take nothing by his suit and that the defendant William Sumberg go hence without day; that plaintiff George Boznos take nothing by his suit and that defendants, Public Taxi Service, Inc., a corporation, and William Sumberg, go hence without day; and, that defendant Public Taxi Service, Inc., a corporation, recover from plaintiff George Boznos one dollar and costs on said defendant's counterclaim." The two appeals were consolidated for hearing.

Each plaintiff assigned 10 points in support of his motion for a new trial. Twenty days after the entry

of the order granting Callos' motion for a new trial, Taxi Comany petitioned the trial judge to state for the record the grounds on which the court relied in granting Callos' motion, and thereupon the following occurred:

The Court: "I denied the motion for a new trial as to George Boznos, but granted the motion for a new trial for Mike Callos, who was a passenger in the car.

"Contributory negligence, if any, on the part of the driver of the car in which Mike Callos was injured was not chargeable to the passenger, yet he was involved in such a way that I believe the Jury charged him with the contributory negligence of the driver.

"Further, the Court did not believe the testimony of some of the witnesses produced for the Defendant, Public Taxi Service, Inc.

"The facts and circumstances were such that the Court could not give credence to some of their statements, and some of their testimony. That's why Mike Callos, the injured party, was granted a new trial. In my opinion, it was absolutely unfair and unjust to preclude him to a right of re-trial under the facts and circumstances.

"Mr. Hana: (Appearing on Behalf of the Plaintiff, Mike Callos): I urged one other matter in addition to that. That was the fact that Counsel for Defendant, in his argument, incorporated therein facts which were not deduced from the testimony. He persisted in arguing time and again over the fact that there was a slow warning sign; and witness, when interrogated, said he did not know of any such sign.

"Judge Lindsay: That would appear in the record. I could not pretend to recall all the testimony given. The principal grounds for granting a new trial were as stated.

"I think I have fairly stated all things to be stated.

"I discriminated between the driver, Boznos, and Callos—who was a passenger—and whose testimony was definite and specific that he did all an occupant of a car should have done, that is, he warned the driver of the car.

"I think in all probability that if he had made Boznos a Defendant, as well as the Public Taxi Service, there would have been no doubt in the minds of the Jury, but what he ought to have received a verdict for damages."

In support of its petition for leave to appeal Taxi Company contends: "A. The judgment entered in favor of defendant on its counterclaim against George Boznos is an adjudication of the freedom from negligence of the defendant. B. The judgment entered in favor of William Sumberg and against Mike Callos is an adjudication that Public Taxi Service, Inc. was free from negligence, and forever bars the claim of plaintiff against the defendant." Callos and Boznos are here appealing from the said judgments, and Taxi Company concedes, as it must, that a reversal of the judgments would dispose of its instant contentions.

Taxi Company does not contend that Callos did not make out a *prima facie* case against it, but it contends that "the verdict was not against the manifest weight of the evidence," and, therefore, the trial court erred in granting Callos' motion for a new trial. It concedes that the trial court believed that Callos should have recovered, but it argues that "to hold that a new trial should be granted because the trial Court disagreed with the finding of the jury is tantamount to abolishing the jury system"; that the fact that the trial judge did not believe some of defendants' witnesses should have no weight in the determination of the motion because it was solely for the jury to pass on the credibility of the witnesses. In *Village of LaGrange v. Clark,* 278

Ill. App. 269, in passing upon the action of the trial court in granting a new trial, we quoted, with approval, the following from 4 C. J. 830–832, sec. 2813: " 'It is generally held that motions for a new trial are addressed to the discretion of the trial court and are not reviewable unless the record shows a *clear abuse* of such discretion, especially where such motions were based on questions of fact arising on the trial, or on matters which occurred in the presence of the court during the trial, . . . Appellate courts have encouraged trial courts in exercising this discretion to prevent a miscarriage of right and are reluctant to interfere unless the discretion has been exercised capriciously, arbitrarily or improvidently. Even greater latitude is allowed the trial court in granting than in refusing new trials, and the appellate court will interfere more reluctantly where the new trial is granted than where it is denied, since in such cases the rights of the parties are not finally settled as they are where the new trial is refused.' The writer further states (pp. 833, 834; sec. 2816): 'The action of the trial court in granting or denying a motion for new trial based on the alleged insufficiency of the evidence to sustain the verdict is within the discretion of the court and is not subject to review except where there has been an abuse of discretion, and this fact *clearly appears.* This principle is especially applicable in case of an appreciable or substantial conflict in the evidence. . . . Where a new trial is *granted* on the ground of insufficiency of evidence, a stronger case is required to secure a reversal than where it has been denied; and the action of the trial court in *granting* a new trial will not be disturbed unless the evidence *palpably supports* the verdict. . . .' "

In *Wagner v. Chicago Motor Coach Co.,* 288 Ill. App. 402, the court, after citing, with approval, the above

quotations from Corpus Juris, continues (pp. 405, 406):

"(See also *Tone v. Halsey, Stuart & Co.,* 286 Ill. App. 169, and *Gavin v. Keter,* 278 Ill. App. 308.)

"In the *Tone* case, where we allowed an appeal from an order granting a new trial and affirmed such order, we said (p. 171): 'No Illinois case construing this provision of the Civil Practice Act [sec. 77] is cited, but many decisions of courts where similar statutes have been enacted are cited to the effect that only where the trial court has abused its discretion or proceeded upon some clear or manifest misapprehension of a supposed controlling rule of law, will an order for a new trial be reversed. Even in such cases, decisions indicate courts are reluctant to reverse, and their power to do so is seldom exercised.' Citing cases from Kansas, California, Iowa, Oklahoma, Florida, Pennsylvania and Washington."

In *Gavin v. Keter, supra,* we said (p. 315): "In passing upon the merits of the instant contention it must be borne in mind that this is an appeal from an order of the trial court granting a new trial. If judgment had been entered upon the verdict and the appellees were here claiming that the evidence did not warrant the verdict, the question of the preponderance of the evidence would not arise in this court and we would not be warranted in disturbing the verdict of the jury unless the verdict was clearly against the manifest weight of the evidence. But, under the new Practice Act, Cahill's St. ch. 110, par. 129 *et seq.,* this appeal concerns the action of the trial court in granting a new trial. A trial court has more latitude than this court in passing upon the verdict of a jury. The allowance or refusal of a new trial on the weight of the evidence is peculiarly within the discretion of the trial court and he is warranted in granting a new trial if a plaintiff has failed to sustain his claim by a preponderance

of the evidence. In passing upon the question as to whether or not the trial court in such case was justified in granting a new trial, we must bear in mind that there are many things which a trial judge observes on a trial that do not appear from the printed record,— the appearance of a witness, his or her manner of testifying, and other circumstances that greatly aid the trial court in determining the credibility of a witness and the weight, if any, that should be attached to his or her testimony." (See also *Barthelman v. Braun,* 278 Ill. App. 384, 388.)

In his statement the trial court said that under the facts and circumstances in the case he could not give credence to some of the statements of defendants' witnesses "and some of their testimony. That is why Mike Callos, the injured party, was granted a new trial"; that it would be absolutely unfair and unjust to deprive Callos of a retrial under the facts and circumstances in the case. We are satisfied that the court was fully justified, under the evidence, in granting a new trial to Callos. However, there were other good grounds urged by Callos why the motion should have prevailed. Taxi Company argues that we can consider only such grounds as the trial court stated influenced him in granting the new trial. Taxi Company should have made its request when the court passed upon the motion and the reasons for granting it were fresh in his mind, instead of waiting until 20 days after the entry of the order. The trial court stated that he "could not pretend to recall all the testimony given," and that he was mentioning only the principal grounds for granting a new trial. Each plaintiff assigned many grounds why a new trial should be granted him and each had the right to rely upon all of them in support of his motion, and if serious errors were committed during the trial, as both plaintiffs contend, Callos would not be deprived of the right to urge them

here, in support of the order granting him a new trial, merely because the trial court did not specifically refer to them in his statement. A number of other grounds urged by both plaintiffs in their motions involve errors that seriously prejudice their cases.

While Sumberg was being examined by counsel for defendants the following took place: "Mr. Jacobs: You understand that if a judgment is entered against you, you can be put in jail? Mr. Hana: I object— that is no concern of the Jury's. The Court: The jury will disregard it—it is not for counsel to state the proposition of law, nor what the legal effect may be in the case." This improper and highly prejudicial question was put by an experienced lawyer, and the court, in passing upon the objection, not only did not cure the harm done but rather aggravated it. Each complaint contained a count charging ordinary negligence and another charging wilful and wanton conduct. Unless the jury found that Sumberg was guilty under the wilful and wanton count he could not be "put in jail," even though he failed to pay the judgment. The jury might well have understood, from the question, that Sumberg could be "put in jail" under any verdict that might be found against him. The language of the court, in passing upon the objection, was likely to convey to the jury the idea that the question contained a correct statement of the law, but that counsel had not the right to state the law to the jury. It is doubtful if a stern rebuke by the court would have cured the prejudicial effect of the question. That the question was likely to adversely affect Callos' case against Taxi Company is evident, for if the jury found Sumberg not guilty, because they were influenced by the question, they would then be practically forced to find Taxi Company not guilty.

There were two passengers in defendant's taxicab. One admitted that he and his fellow passenger had

been drinking. The other admitted that he and the other passenger had had a few drinks. Plaintiffs introduced as a witness John A. Blake, a practicing attorney at the Chicago bar for many years. He testified that Sumberg stated to him, *inter alia,* that he, Sumberg, was pretty drunk the night of the accident. Blake had represented Boznos in certain matters but was not an attorney of record in the instant case and did not appear as a counsel for Boznos in the trial. However, prior to the time that Blake was called as a witness plaintiffs' attorney requested to have the record show that Blake was withdrawing from the case, and the court granted the request. Blake was the only attorney who testified. The court gave to the jury, at the instance of defendants, the following instruction: "The court instructs the jury that while it is not proper practice for an attorney connected with a case to appear as a witness in his client's behalf, he is not, for that reason, incompetent, although his testimony should be given little weight."

Plaintiffs contend, and with good reason, that they were seriously prejudiced by the giving of this instruction. Our Supreme Court has often stated that while it is not good practice for an attorney to testify in a case in which he is employed, his testimony is not incompetent, and the fact that he is so employed goes only to the weight of his testimony. (See *Wollschlaeger v. Mix,* 364 Ill. 207; *Wilkinson v. People,* 226 Ill. 135.) In the last case one of the attorneys who appeared as counsel for the People and argued the case orally in the Supreme Court was a leading and material witness on behalf of the prosecution in the court below. In *Ross v. Demoss,* 45 Ill. 447, the court said (p. 449): "On the trial below, the evidence was conflicting, but it seems to preponderate in favor of the decree. The weight of the evidence of Garner is

somewhat impaired from the fact, that he was proved to have been one of the attorneys in the case, and had a conditional fee, dependent on the result of the suit. It is of doubtful professional propriety for an attorney to become a witness for his client, without first entirely withdrawing from any further connection with the case; and an attorney occupying the attitude of both witness and attorney for his client, subjects his testimony to criticism if not suspicion, but where the half of a valuable farm depends upon his evidence, he places himself in an unprofessional position, and must not be surprised if his evidence is impaired. While the profession is an honorable one, its members should not forget, that even they may so act, as to lose public confidence and general respect."

Taxi Company contends that the instruction correctly stated the law applicable to Blake's testimony. The only case cited in support of the contention is *Wright v. Buchanan,* 287 Ill. 468, where the court said (p. 474) : "This court has repeatedly said that when an attorney himself furnishes, by his own testimony, evidence to help himself succeed on the trial, such evidence will be closely scanned; that while it is not proper for an attorney, in a case he is conducting, to testify on his own behalf, he is not for that reason incompetent, and if he chooses to testify he may do so, but his testimony should be given little weight. (*Wilkinson v. People,* 226 Ill. 135; *Grindle v. Grindle,* 240 id. 143; *Wetzel v. Firebaugh,* 251 id. 190; *Rice v. Winchell,* 285 id. 36.) " In weighing the evidence in particular cases our Supreme Court has frequently used like language in passing upon the testimony of at attorney who conducts a case and also appears as a witness in behalf of the client he represents, but it has never held, so far as we are aware, that an instruction like the one in question was proper to give to a jury in such a case.

In *Judy v. Judy*, 261 Ill. 470, the court held that the practice of attorneys appearing as witnesses and attorneys in a case is regarded as a professional impropriety, and the jury may be instructed that they may consider their interest in the case as attorneys in determining their credibility, but that it is not proper to instruct the jury as to the professional propriety of the attorneys' becoming witnesses in the case. The instruction in question assumes that Blake was connected with the case, whereas the record affirmatively shows that he was not. *A fortiori,* plaintiffs' counsel had the record show the withdrawal of Blake as an attorney in the case before he testified. It would be a serious and unwarranted reflection by the courts on the members of an ancient and honorable profession if an instruction like the instant one could be properly given in a case where an attorney had withdrawn. Where an attorney in a case testifies, his interest, like the interest of any other witness, may be considered by the jury in determining his credibility and the weight that should be attached to his testimony. At the request of defendants the jury were instructed that in determining the credibility of any witness they had the right to take into consideration his interest in the result of the suit. That instruction sufficiently covered the testimony of Blake and all other witnesses. In *Judy v. Judy,* supra, the court restated the long established rule that an instruction should not single out a particular witness and instruct the jury specially as to him.

The court, at the instance of defendants, gave the following instruction to the jury: "The Statute of this State provides that no person shall drive an automobile upon any public highway at a greater speed than is reasonable and proper, having regard to the traffic and the use of the ways, or so as to endanger the life or limb or injure the property of another, and

if you believe from the evidence that the plaintiffs' automobile in question at the time of the collision was being driven at a greater speed than was reasonable and proper, having regard to the traffic and use of the street at the place in question, or was driven so as to endanger the life or limb or injure the property of another and that thereby the driver of the plaintiff's automobile contributed to the injury complained of, then under the law you should find the defendants not guilty."

This mandatory instruction directs the jury to find both defendants not guilty if the jury believe from the evidence that Boznos at the time of the collision drove the car at a greater speed than was reasonable and proper and thereby "contributed to the injury complained of." Such an instruction might have been proper if Boznos was acting as the agent of Callos, but there is no evidence to show such agency. By reason of this instruction the jury were forced to find against Callos even though they believed that he was not guilty of negligence, provided they believed that Boznos drove the car at a greater speed than was reasonable and proper and thereby "contributed to the injury complained of." The undisputed evidence is that Callos, just before the collision, warned Boznos to watch out for the taxicab. Defendants did not see fit to cross-examine Callos.

"In *Christensen v. Johnston,* 207 Ill. App. 209, the court quoted with approval the following language from *Clarke v. Connecticut Co.,* 83 Conn. 219: 'What conduct on the passenger's part is necessary to comply with his duty must depend upon all the circumstances, one of which is that he is merely a passenger having no control over the management of the vehicle in which he is being transported. Manifestly, the conduct which reasonable care requires of such a passenger will not ordinarily, if in any case, be the same as that which it

would require of the driver. While the standard of duty is the same, the conduct required to fulfill that duty is ordinarily different because their circumstances are different.' '' (*Rhoden v. Peoria Creamery Co.*, 278 Ill. App. 452, 464.) Several other instructions given at the instance of defendants contain the same vice as the instant one.

Callos contends that other errors, prejudicial to his case, were committed, but it would unduly lengthen this opinion to refer to them.

As to the appeal of Callos and Boznos: They contend that the judgment finding defendants not guilty and the judgment in favor of Taxi Company and against Boznos are against the manifest weight of the evidence. We are satisfied, after reading the evidence, that this contention must be sustained. As the consolidated cases may be tried again we refrain from commenting upon the facts and circumstances in the record. Callos and Boznos, in their appeal, also argue that certain errors (heretofore referred to in this opinion) seriously prejudiced their rights and improperly influenced the verdicts of the jury. What we have heretofore said sufficiently shows that the instant complaint of Callos and Boznos is a meritorious one. Justice requires a retrial of the consolidated causes.

The petition for leave to appeal, of Taxi Company, involves only that part of the judgment order of the superior court of Cook county of November 7, 1936, which grants a new trial to Mike Callos. That part of the order is affirmed.

*Part of judgment order of November 7, 1936, which grants new trial to Mike Callos affirmed.*

FRIEND, P. J., and JOHN J. SULLIVAN, J., concur.