CHARLOTTE ALLEY, Plaintiff-Appellee, *v.* JAMES W. CHAMPION, Defendant-Appellant.

Second District    No. 78-465

Opinion filed August 28, 1979.

Reid, Ochsenschlager, Murphy & Hupp, of Aurora, for appellant.

Fred Lambruschi, of Chicago, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

A new trial was ordered following a jury verdict that defendant was not guilty of negligence. The jury also answered a special interrogatory finding the plaintiff guilty of contributory negligence. We granted leave to appeal pursuant to Supreme Court Rule 306. Ill. Rev. Stat. 1977, ch. 110A, par. 306.

On December 13, 1974, plaintiff was driving in a westerly direction on State Route 72 and defendant was proceeding south on State Route 59; the intersection was controlled by traffic lights. Plaintiff testified that she was proceeding with the green light, that defendant went through the red light, while defendant testified that plaintiff ran the red light while he was proceeding with the green. The defendant's testimony was corroborated by a witness in his vehicle.

Several weeks before trial plaintiff made a demand upon the defendant and his insurer seeking the amount of the policy, $50,000, claiming a severe injury to her neck resulting in a spinal fusion. Defendant refused the demand and plaintiff amended her complaint to allege willful

and wanton misconduct in an added count II, increased the ad damnum to $250,000, alleging also that "malice is the gist of the action and plaintiff seeks body execution."

Plaintiff's counsel, in his opening statement, made no direct reference either to characterize the defendant's conduct as negligent or willful and wanton. He did tell the jury that Mrs. Alley said to Mr. Champion after the accident "why did you run the red light?" and further stated that defendant "just shrugged his shoulders and didn't say anything." Defense counsel, however, during opening statements told the jury over plaintiff's objection, that plaintiff was charging defendant with intentionally hitting her in the intersection; that Mrs. Alley had filed a complaint which alleged that malice was the gist of the action and that she sought a body execution; further repeating that she was saying that defendant "was malicious in these things"; that she was charging that the defendant "intentionally and deliberately tried to hurt her in this accident." All of these statements were strenuously objected to by plaintiff's counsel and the objections overruled by the court. Defendant's counsel also stated that the evidence would show that "the charge is insulting, absurd and unfounded."

In her direct examination plaintiff testified that after the accident she asked the defendant why he ran the red light and he "just shrugged his shoulders." In cross-examination defense counsel referred to a statement in which Mrs. Alley made essentially the same statement. He then asked, "Mrs. Alley, on what do you base your accusation that the Defendant had a desire to hurt you or to intentionally cause this accident" and "what do you base your allegation that the Defendant had malice towards you or ill will and intended * * *." Plaintiff's counsel objected and the court overruled the objection and directed defense counsel to use the language of the complaint. Defense counsel then stated to the witness, over objection, that she was charging defendant with willful and wanton misconduct; that she had said that malice was the gist of the action, and that she had asked that a body execution issue for the defendant and asked, over objection, upon what she based those allegations.

Plaintiff's counsel further objected in chambers to defendant's reference to the allegations in the complaint, arguing that the question of willful and wanton misconduct goes to the facts in the case and that intent is not an element. The court agreed that intent was not an element but that he was "not going to bar the Defendant from cross-examining on the allegations in the complaint." Before the jury, defense counsel again asked Mrs. Alley whether she was claiming that the defendant either intentionally or with a conscious and utter indifference for her safety placed his vehicle in front of her. When she responded affirmatively he pursued the matter and elicited the answer that "he did nothing to control his

vehicle and just turn out of my way or stop." Defense counsel concluded his cross-examination by asking plaintiff whether she had alleged malice and ill will toward the defendant in her complaint.

At the close of plaintiff's case the willful and wanton count was dismissed by the judge on defense counsel's motion.

After considering the plaintiff's post-trial motion the trial judge was of the opinion that he had erred in several respects and that a new trial was required. In a memorandum opinion he concluded that cross-examination based upon unverified pleadings as it was done in this case was not permissible; that the question to be decided was whether plaintiff was entitled to recover on either the negligence or the willful and wanton count but that any question relating to methods of collection or enforcement of a possible money judgment was beyond the scope of the jury's responsibility; further, that defense counsel's opening statement constituted additional ground for the new trial; and that, in sum, the net effect of "all of this was that the attention of the jury was directed away from the chief issue of whether or not there was liability on the facts and deprived plaintiff of the fair trial * * *."

In arguing that a new trial is not warranted, the defendant contends that the trial judge did not err in ruling during trial that defendant's counsel was permitted to cross-examine the plaintiff upon the allegations of malice in count II of her amended complaint; but that, if error, it was invited by plaintiff's "false and frivolous pleadings" and that plaintiff could not profit from her own wrong, and further, that no real prejudice was shown. We disagree and therefore affirm the judgment granting a new trial.

■■■ "The decision of a trial court to grant a new trial is an exercise of discretion which should not be disturbed unless a clear abuse of that discretion is shown." (*Ervin v. Sears, Roebuck & Co.*, 65 Ill. 2d 140, 144 (1976).) When a trial court is "clearly satisfied" that a jury verdict was occasioned by passion or prejudice or found to be against the manifest weight of the evidence a jury verdict will be set aside. (*Torrez v. Raag*, 43 Ill. App. 3d 779, 782 (1976).) If, however, it does not clearly appear from the record that any error during the trial influenced the jury's verdict, the granting of a new trial may be found to be an abuse of discretion. *Ervin v. Sears, Roebuck & Co.*, 65 Ill. 2d 140, 147 (1976).

■■ Here, we find no abuse of discretion. We agree with the trial judge's later conclusion that it was error to permit the cross-examination on the pleadings under the circumstances. Count II, alleging willful and wanton conduct, was an alternative pleading, in distinction to *Kleb v. Wendling*, 67 Ill. App. 3d 1016 (1978), relied upon by defendant. Under the Civil Practice Act a party may plead more than one cause of action in a complaint, in separately designated and numbered counts; and

"regardless of consistency, state them in the alternative." (Ill. Rev. Stat. 1977, ch. 110, pars. 43(1), (2).) Willful and wanton misconduct has been held to be an aggravated form of negligence (see, *e.g., McRoberts v. Maxwell,* 40 Ill. App. 3d 766, 769 (1976)), and may therefore appropriately be pleaded in the alternative. Alternative unverified pleadings are thus not admissible as admissions against interest or for the impeachment of the pleader. (*Carr v. Shirland Township,* 66 Ill. App. 3d 1033, 1037 (1978); *King v. Corsini,* 32 Ill. App. 3d 461 (1975); *Schusler v. Fletcher,* 74 Ill. App. 2d 249 (1966).) It follows that it is error to permit a defendant to cross-examine a party for the purpose of showing that different theories of liability had been adopted. *Olson v. Weingard,* 77 Ill. App. 2d 274, 279-80 (1966).

■■ It is true, of course, as defendant argues that a litigant is not entitled to an error-free trial, and a judgment will not be disturbed if the court can see from the entire record that the error did not affect the outcome and that no injury had been done. (*Lawson v. G. D. Searle & Co.,* 64 Ill. 2d 543, 559 (1976).) Here, however, we think that the likelihood of prejudice was very great. The trial judge, after trial and after receiving a post-trial motion and assuming his proper role of correcting errors prior to appeal, was in the best position to assess the magnitude of the prejudice. The reference to the "body execution" could very well have put the plaintiff in a very vindictive position in the jury's mind and additionally could have predisposed them to have found for the defendant so that he would not be put in jail. (See *Callos v. Public Taxi Service, Inc.,* 292 Ill. App. 399, 407 (1937).) In *Callos,* a related question was found to be reversible error even though the judge there immediately instructed the jury to disregard the question. Here, the court during the trial, in effect, put a stamp of approval on a question as to the body execution.

■■ The fact that the second count was directed out of the case does not necessarily undo the prejudicial effect of the questioning. In *Osborne v. Leonard,* 99 Ill. App. 2d 391, 397 (1968), the court granted plaintiff a new trial on the issue of damages, even though the trial court had directed a verdict for plaintiff on the issue of liability. In reaching its decision the court reasoned:

> "The taking of the issue of liability from the jury did not remove this circumstance from the individual jurors' minds, for the persuasions, misstatements, improper emphasis and false arguments and innuendoes were so interwoven with the issue of damages as to prevent a fair trial." (99 Ill. App. 2d 391, 397.)

Here, the trial court could have similarly concluded that the prejudice to the plaintiff was not undone by the dismissal of count II.

Further, defense counsel's entire approach during the trial, beginning with the opening statement, appears to have been calculated to impeach

the integrity of the plaintiff. Thus, in his opening statement counsel called the allegations in count II "insulting, absurd, and unfounded"; and in cross-examination the inference was drawn and redrawn that plaintiff had no real basis for the allegations of willful and wanton misconduct and malice, even though there was nothing in either the opening statement of plaintiff's counsel or in the direct testimony of the plaintiff which would make such a challenge relevant. The clear inference sought to be drawn was therefore that a person who would make the charges in the pleading was not worthy of belief, which could cause the jury to discount plaintiff's testimony with respect to the negligence count.

■■ Defendant further claims that the plaintiff invited any error by adding a wanton and willful count with its allegations of malice and therefore should be precluded from relying on an "invited error." We are not so persuaded. No case has been cited for the proposition that merely filing a pleading, which is expressly permitted by the Civil Practice Act, invites error when the proof does not support the allegations. It clearly appears from the record that the defendant brought up the pleadings both in opening argument and cross-examination and is therefore responsible for the ensuing errors and the resulting prejudice.

The judgment of the trial court awarding a new trial is therefore affirmed.

Affirmed.

LINDBERG and WOODWARD, JJ., concur.