OTIS L. BARGMAN, Plaintiff-Appellant, v. ECONOMICS LABORATORY, INC., Defendant-Appellee.

Third District   No. 3—85—0727

Opinion filed June 10, 1986.

James Walker, of James Walker, Ltd., of Bloomington, for appellant.

Mark E. Hanson, of Garrison, Fabrizio & Hanson, Ltd., of Joliet, for appellee.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Will County which granted the defendant, Economics Laboratory, Inc., a new trial after a jury had returned a verdict for the plaintiff, Otis L. Bargman, for personal injuries received as the result of alleged negligence on the part of the defendant.

Evidence adduced at the trial disclosed that the plaintiff owned a tractor-trailer rig which he operated as an employee of the Chicago-St. Louis Transport Company. On the morning of August 28, 1982, the plaintiff drove his tractor from his home at Chatsworth to the defendant's manufacturing plant in Will County. The plaintiff upon his arrival at the plant hooked on to his trailer which had been loaded prior to his arrival and then drove the unit onto a platform scale located on defendant's premises. Plaintiff after stopping on the scale then exited his tractor in order to deliver certain papers to an employee of the defendant. Plaintiff's tractor was of the cab over engine type with the floor of the cab being 4 to 4½ feet above ground level. It was necessary for the plaintiff to descend ladder-type steps affixed to the tractor. After both of plaintiff's feet had reached the ground and as he started to turn toward the front of the tractor, his left foot slipped off a concrete ledge around the scale platform causing him to fall off the ledge and onto the adjacent ground. The ledge was of concrete and was 12 inches wide. The ground was from 4 to 8 inches lower than the ledge.

The plaintiff suffered damage to the muscles in his leg and surgical procedures were required. Plaintiff was unable to work until April 1983. He worked from that date until he retired at age 62 in March 1984.

The jury found for the plaintiff and against the defendant and fixed damages at $135,000. The jury further found the plaintiff to be 35% negligent which reduced total damages to the sum of $87,750.

During the course of the trial, the following colloquy occurred during defense counsel's cross-examination of Robert D. Atkinson, who was one of the plaintiff's supervisors with the Chicago-St. Louis Transport Company:

"Q. Would it be fair to say that you'd like to see Mr. Bargman get some money from Economics Lab?

MR. WALKER: Your Honor, we have never asked for money from Economics Lab. The contrary is true. We have asked it from Employees [*sic*] of Wausau, their insurance company. We have never asked Econ Lab.

THE COURT: Sustained. The objection will be sustained. Ladies and gentlemen of the jury, I'm requesting you, and I'm warning you to disregard any statements that Mr. Walker has made with reference to who he's seeking money from. The lawsuit is entitled Otis Bargman vs. Economics Laboratories. That's all you need to know, and that's all Mr. Walker needs to talk about, and I'm admonishing you, Mr. Walker, to not bring that up again, and you may continue with your examination.

MR. WALKER: Your Honor, I would ask that you instruct the injury [*sic*] that we have never requested money from Econ Lab.

THE COURT: The lawsuit is entitled Otis Bargman vs. Economics Laboratory.

MR. WALKER: May I have a ruling on my question, your Honor?

THE COURT: Your request is denied.

MR. WALKER: Thank you.

THE COURT: Continue, Mr. Hanson."

The trial court granted a motion of the defendant for a new trial and in ruling on said motion expressed in writing the following:

"The attorney for the plaintiff intentionally interjected the fact that insurance was available to defendant which in effect made the defendant more of a target for an excessive award than it already was as a corporate defendant."

■■ The plaintiff in this appeal argues that he properly objected to defense counsel's inaccurate statement that defendant was not insured. The record belies plaintiff's assertion. While the question of defense counsel to Mr. Atkinson may well have been improper, the plaintiff made no objection to it but instead promptly and intentionally interjected the information that they (apparently the plaintiff and his counsel) had asked for money from Employers of Wausau. Plaintiff would interpret the remarks of the court as sustaining an objection he made. A close reading of the court's remarks shows that it is obvious that the court was indignantly concerned with the plaintiff's improper injection of information concerning insurance coverage of the defendant.

In its brief the defendant argues that its counsel did in fact make an objection to plaintiff's statement concerning insurance coverage by counsel jumping to his feet and raising his hand. The record is barren of any objection by defense counsel and we will abide by the record. Assuming that neither party made an objection, the remarks of the court make it clear that the court was distressed by the plaintiff's conduct which violated the long-established general rule that reference to the fact that a defendant is protected by insurance or some other indemnity agreement is improper and constitutes reversible error. (*Foster v. Lanciault* (1979), 70 Ill. App. 3d 962, 388 N.E.2d 1140; *Kirbach v. Commonwealth Edison Co.* (1976), 40 Ill. App. 3d 587, 352 N.E.2d 468.) There are some exceptions to this rule, to wit, when the introduction of the fact of insurance coverage would bear materially upon the credibility of a witness or an impeaching statement. (*Conover v. Smith* (1974), 20 Ill. App. 3d 258, 314 N.E.2d 638; *Pinkerton v. Oak Park National Bank* (1958), 16 Ill. App. 2d 91, 147 N.E.2d 390.) The reference to insurance in the instant case does not fall within such exceptions.

This court further notes that the reviewing courts have made a distinction between an inadvertent disclosure of insurance coverage and a deliberate disclosure. When a disclosure is deliberate, it is an element to be considered which strongly tends to constitute reversible error. The reference to insurance in the instant case was deliberate. It tainted the trial to the extent that the defendant can make the irrefutable argument that he was denied a fair trial, and the trial court correctly granted a new trial.

The trial court further predicated the granting of a new trial on the remarks of plaintiff's attorney regarding the absence of testimony of defendant's plant manager after the court had determined that it was not necessary that said individual be present as a witness. Having determined that a new trial is warranted, we need not discuss this matter since the presence or nonpresence of such individual will again be subject to determination by the judge who presides at the new trial.

■ The defendant in the instant case attempts to raise in its brief the issue that the trial court committed error in denying its motion for directed verdict at the close of plaintiff's case. The defendant argues that it was not necessary to raise this issue by a cross-appeal and in support of this contention relies on Supreme Court Rule 306(a)(2) (103 Ill. 2d R. 306(a)(2)). We disagree. The defendant failed to obtain a ruling by the trial court on its motion for a directed verdict and hence has waived that portion of its post-trial motion. Ill.

Rev. Stat. 1983, ch. 110, par. 2—1202(f); *Hanson v. Darby* (1968), 100 Ill. App. 2d 339, 241 N.E.2d 110.

For the reasons set forth the order of the circuit court of Will County granting defendant a new trial on all issues is affirmed.

Affirmed.

HEIPLE and STOUDER, JJ., concur.