OTIS L. BARGMAN, Plaintiff-Appellant, v. ECONOMICS LABORATORY, INC., Defendant-Appellee.

Third District No. 3—88—0023

Opinion filed April 5, 1989.—Rehearing denied May 17, 1989.

James Walker, Ltd., of Bloomington (James Walker, of counsel), for appellant.

William V. Kozol, of Garrison, Fabrizio & Hanson, Ltd., of Joliet (Mark

E. Hanson, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

Plaintiff's cause of action for injuries he sustained on defendant's premises was first tried to a jury in July of 1985. After a verdict for plaintiff, the trial court granted defendant's post-trial motion for a new trial, which this court affirmed in *Bargman v. Economics Laboratory, Inc.* (1986), 144 Ill. App. 3d 24. A second jury trial was held in October of 1986, resulting in a verdict in favor of defendant. Plaintiff's amended post-trial motion was subsequently denied by the trial court on January 6, 1988, and this appeal followed. No questions are raised on the pleadings.

Plaintiff owned a semitractor trailer rig, which he operated as an employee of Chicago-St. Louis Transport Company, and defendant operated a manufacturing plant south of Joliet, Illinois. On August 28, 1982, plaintiff drove his semitractor to defendant's plant, arriving about 5:45 a.m. to pick up his trailer he had left there the night before to be loaded with defendant's products. After hooking up to the trailer, plaintiff drove the rig onto a platform of a scale located at the exit which all trucks were required to use when exiting defendant's premises. Plaintiff stopped his rig on the platform and exited his semitractor. After both feet reached the ground and he started to turn towards the front of the semitractor, plaintiff's left foot slipped off of the concrete slab bordering the scale, causing him to fall to the ground. The slab bordering the scale was 12 inches wide and was built up four to eight inches above the adjacent ground level.

Plaintiff suffered a rupture of the four large muscles in his leg which extend from the hip to the kneecap. The muscles were reattached by running a heavy thread through the muscles and a hole drilled in plaintiff's kneecap. Plaintiff subsequently developed thrombophlebitis in his leg due to the fall and the treatment made necessary by the fall. Plaintiff was unable to work until April 1983 and then worked until he retired at age 62 in March 1984.

The case went to jury on plaintiff's allegations that defendant failed to provide a safe place for drivers to exit their semitractors and transact the business required of them, failed to fill and elevate the ground adjacent to the concrete slab to eliminate the change in level between the concrete and the adjacent ground, failed to warn of the change in level, and constructed a scale and platform with a concrete slab that was not wide enough to be walked upon with safety. The jury found for the defendant. Plaintiff's post-trial motion was denied.

Plaintiff raises a number of issues on appeal. As to all of these

issues, our standard for review is whether the trial court abused its discretion in making its ruling. Plaintiff first insists that the trial court erred in refusing to give plaintiff's proposed Illinois Pattern Jury Instruction, Civil, No. 5.01 (2d ed. 1981) (hereinafter IPI Civil 2d) to the jury regarding defendant's failure to produce a witness. The witness, Jack Pastore, was retained by defendant and identified as an expert prior to the first trial. He was not, however, called by defendant as a witness in that trial, nor was he called as a witness in the second trial. The record reveals that, prior to the second trial, an order was entered on September 8, 1986, requiring the respective parties to disclose their expert witnesses within a stated time period. Plaintiff did not disclose an expert, and defendant disclosed Edmund T. Dorner, Ph.D., as its expert. Plaintiff subsequently subpoenaed Jack Pastore as a witness for trial, prompting defendant to file a motion to bar Mr. Pastore's testimony. Accordingly, the trial court ordered that plaintiff was barred from calling Jack Pastore as a witness in his case in chief but reserved for the trial judge any ruling on whether plaintiff could call Mr. Pastore as a rebuttal witness. At trial, plaintiff did not call Mr. Pastore as a rebuttal witness; instead, the parties read a stipulation to the jury that defendant had retained Jack Pastore as an expert witness in this case but did not call him as a witness at either trial.

IPI jury instruction No. 5.01, commonly referred to as the "missing witness" instruction, states:

"If a party to this case has failed to produce a witness within his power to produce, you may infer that the testimony of the witness would be adverse to that party if you believe each of the following elements:

1. The witness was under the control of the party and could have been produced by the exercise of reasonable diligence.

2. The witness was not equally available to an adverse party.

3. A reasonably prudent person under the same or similar circumstances would have produced the witness if he believed the testimony would be favorable to him.

4. No reasonable excuse for the failure has been shown." Illinois Pattern Jury Instructions, Civil, No. 5.01 (2d ed. 1971).

Plaintiff argues that Mr. Pastore was under the control of defendant and therefore unavailable to plaintiff as a witness. Defendant maintains, however, that it had withdrawn Mr. Pastore as an expert

witness prior to the second trial in that Mr. Pastore was not listed by defendant as an expert pursuant to court order, moreover, that defendant merely sought to bar Mr. Pastore's testimony because plaintiff failed to identify him as an expert witness prior to the second trial and after being court ordered to do so. After hearing the arguments of counsel and reviewing case law, the trial court refused to submit plaintiff's proposed instruction.

Plaintiff cites *Hollembaek v. Dominick's Finer Foods, Inc.* (1985), 137 Ill. App. 3d 773, 484 N.E.2d 773, *Biehler v. White Metal Rolling & Stamping Corp.* (1978), 65 Ill. App. 3d 1001, and *Ciborowski v. Philip Dressler & Associates* (1982), 110 Ill. App. 3d 981, as authority for the position that Mr. Pastore was unavailable. In *Hollembaek*, the court determined that the missing witness instruction was properly given by the trial court where a doctor, retained by defendant, was not called to testify at trial. Based on prior decisions, the court determined that "a doctor hired by defendant to examine plaintiff is under defendant's control for the purpose of testifying, and thus unavailable to plaintiff as a witness." (*Hollembaek*, 137 Ill. App. 3d at 777, 484 N.E.2d at 777.) Thus, the court found that the doctor was not equally available to plaintiff. In *Ciborowski*, the court determined that an expert witness employed by one party with the intention of having him testify was under that party's control despite the fact that he could have been subpoenaed by any other party. *Ciborowski*, 110 Ill. App. 3d 981, 443 N.E.2d 618.

Defendant's citation to *Department of Transportation v. Gonterman* (1976), 41 Ill. App. 3d 62, 354 N.E.2d 76, as authority is misplaced. In *Gonterman*, the court held that the missing witness instruction, given on the basis of petitioner's failure to produce the testimony of two appraisers it had previously employed at trial, was improper on the basis that appraisers are not the property of either party and their prior employment is not relevant to the issue of proper valuation. (*Gonterman*, 41 Ill. App. 3d 62, 354 N.E.2d 76.) The experts hired in the present case were for the purpose of giving favorable testimony. To the contrary, the expert appraisers in *Gonterman* were employed for the purpose of obtaining an objective valuation of the property in question.

We likewise consider defendant's abandonment of the witness argument unpersuasive. Although it is true that defendant did not list Jack Pastore as one of its experts prior to the second trial, it cannot reasonably be disputed that prior to that time Mr. Pastore would have been considered one of defendant's experts. The importance of this fact is that the court order regarding disclosure of experts entered

prior to the second trial required plaintiff to disclose experts first, without knowing whom defendant would disclose. At that point, it was not unreasonable for plaintiff to believe that Mr. Pastore was defendant's expert. If in fact defendant did abandon Mr. Pastore as an expert, the circumstances were such that plaintiff was unable to reasonably take advantage of it by listing Mr. Pastore as his expert.

██ Moreover, we believe the stipulation entered into evidence regarding Mr. Pastore verifies that he was under the control of defendant and further provides a basis for the trial court to submit the missing witness instruction to the jury. The stipulation stated that defendant retained Mr. Pastore as an expert witness, that Mr. Pastore visited the scene and was supplied with certain documents and photographs, and that Mr. Pastore was available to testify. Under these circumstances, we consider it reasonable that Mr. Pastore's testimony would have been produced had it been favorable, and defendant has not, despite its statement in its reply brief that the testimony would have been cumulative, provided a reasonable excuse for failure to produce Mr. Pastore as a witness. The trial court should have given the missing witness instruction to the jury.

██ In addition to refusing plaintiff's missing witness instruction, the trial court granted defendant's oral motion *in limine* to preclude plaintiff from mentioning in closing argument that defendant failed to call Mr. Pastore as a witness. Based on the same rationale regarding the missing witness instruction, the trial court should not have granted defendant's motion *in limine* precluding plaintiff from commenting on Mr. Pastore's absence. In *Ciborowski*, plaintiff's attorney at closing asked the jury to infer that defendant's expert witness was not called because his testimony was adverse. The court held that this comment to the jury was not reversible error. (*Ciborowski*, 110 Ill. App. 3d 981, 443 N.E.2d 618.) Plaintiff herein was entitled to comment on Mr. Pastore's absence. "[A] party's failure to call a witness within its control is a proper subject of comment." *Tonarelli v. Gibbons* (1984), 121 Ill. App. 3d 1042, 1048, 460 N.E.2d 464, 469.

Plaintiff's next allegation of error regards the trial court's denial of plaintiff's attempted offer into evidence of portions of the discovery deposition of Ricardo Perez as admissions of a party opponent. Mr. Perez was defendant's plant manager on the date of the accident but was not called to testify by either party at trial. Plaintiff attempted to introduce deposition testimony of Mr. Perez, wherein Mr. Perez indicated that he did not know what caused plaintiff's accident, after another employee of the company testified at trial that it was Mr. Perez' responsibility to investigate the accident and determine its

cause. The trial court disallowed plaintiff's attempt for lack of foundation and reprimanded plaintiff for attempting to introduce evidence without foundation in front of the jury. Thereafter, defendant's counsel indicated that he had an objection but nowhere do we find what his specific objection was and, therefore, we must assume it was based on relevance. Nonetheless, in its brief, defendant additionally argues that the deposition testimony of Mr. Perez was not admissions.

■■ Supreme Court Rule 212(a)(2) expressly provides that a discovery deposition may be used "as an admission made by a party or by an officer or agent of a party in the same manner and to the same extent as any other admission made by that person." (107 Ill. 2d R. 212(a)(2).) As to the trial court's foundation concern, there is generally no foundation requirement predicating the receipt into evidence of admissions made by a party opponent, nor is it necessary that the party opponent be available for trial. (*Security Savings & Loan Association v. Commissioner of Savings & Loan Associations* (1979), 77 Ill. App. 3d 606, 396 N.E.2d 320.) Nonetheless, purported admissions must be relevant to and have a material bearing on the issues of the case. To this point, plaintiff argues that since defendant by its answer denied plaintiff's allegations as to the cause of the accident, Mr. Perez' deposition testimony is relevant because he was responsible for investigating the accident and yet he admitted he did not know what caused the accident. Although there is no requirement that an admission necessarily be against a party's interest or contradict the testimony of the party who made it (*Woodruff v. Pennsylvania R.R. Co.* (1964), 52 Ill. App. 2d 341, 202 N.E.2d 113), the deposition statements by Perez are nothing more than neutral statements which neither admit nor deny anything. Moreover, the statements are not relevant in that they do not tend to prove any fact in controversy, and further, are not material in that they do not relate to the issue of what caused the accident. The trial court properly excluded the evidence.

■■ Next, plaintiff charges error in the trial court's exclusion of all evidence regarding defendant's remedial repairs to the concrete slab in question. With a few exceptions, it is well settled that evidence of remedial repairs is not admissible evidence to prove negligence on the part of a defendant. (*Hodges v. Percival* (1890), 132 Ill. 53, 23 N.E. 423.) Plaintiff argues, however, that defendant put at issue the purpose for which the concrete slab was initially constructed and should accordingly be subject to impeachment with evidence of subsequent repairs contradicting the stated reason. In particular, plaintiff states that Phillip Scearcy, defendant's corporate safety and health manager, testified that the change in level between the concrete slab

and the adjacent ground was "to prevent dirt and water from getting into the scale." Mr. Scearcy's testimony, however, does not call to question the feasibility of the slabs when they were initially constructed in relation to the purpose for widening the slabs at a later date. If the purpose of the elevated slab was to keep dirt and grass out of the scale, the actual width of the elevated sidewalk has nothing to do with that stated purpose. The trial court properly excluded all evidence of subsequent remedial measures pursuant to well-established law.

 Plaintiff additionally asserts that the trial court erred in denying plaintiff's motion for sanctions and motion to compel defendant to fully answer plaintiff's interrogatory 15. We affirm the trial court's decision partly because the evidence to be produced was inadmissible and partly because there is no showing that the supplemental answers to interrogatory 15 were intentionally evasive, incomplete or false.

Plaintiff's next charge of error regards the trial court's adoption of defendant's proposed short-form version of IPI Civil 2d No. 15.01, containing an explanation of proximate cause. The basis behind plaintiff's assertion is the adoption of comparative negligence in Illinois. IPI Civil 2d No. 15.01 reads as follows:

> "When I use the expression 'proximate cause,' I mean [that] [a] [any] cause which, in natural or probable sequence, produced the injury complained of. [It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.]" (Illinois Pattern Jury Instructions, Civil, No. 15.01 (2d ed. 1971).)

Plaintiff's proposed instruction No. 10 sought to use the word "a" of the three bracketed choices in the first sentence and also included the last two bracketed sentences. The trial court refused plaintiff's instruction No. 10 and instead gave defendant's instruction No. 1, which reads:

> "When I use the expression 'proximate cause,' I mean any cause which, in natural or probable sequence, produced the injury complained of."

Both parties cite *Willson v. Pepich* (1983), 119 Ill. App. 3d 552, 456 N.E.2d 882, as authority for their respective positions for and against the submitted instruction. In *Willson*, as here, the plaintiff argued that adoption of comparative negligence in Illinois necessitates the inclusion of the last two bracketed sentences in IPI Civil 2d No. 15.01. The *Willson* court, with which we concur, responded as follows:

> "We agree that the principal reason for not permitting the in-

clusion of the bracketed material in IPI Civil No. 15.01 is no longer present under the doctrine of comparative negligence. So long as the doctrine of contributory negligence was a viable doctrine in this State, the negligence of the defendant had to be the sole cause of the injury to the plaintiff when the only other possible contributing cause was the conduct of the plaintiff herself, and it was for this reason that the bracketed material was held to be improper in such cases. (See *Budovic v. Eschbach* (1953), 349 Ill. App. 163, 167[, 110 N.E.2d 477].) On the other hand, it is equally clear that the bracketed material containing the last two sentences was included in IPI Civil No. 15.01 to address the situations where there was evidence that something or acts of someone other than the negligence of the parties was also a possible proximate cause of the injury. (See *Perry v. Chicago & North Western Transportation Co.* (1977), 54 Ill. App. 3d 82, 91[, 11 Ill. Dec. 701, 369 N.E.2d 155].) In the absence of such evidence, we agree with the trial court that the additional language contained in the last two sentences can be confusing. We find no error in the trial court's refusal to give plaintiff's version of IPI Civil No. 15.01 under the circumstances of this case and in view of the instructions which were given." *Willson*, 119 Ill. App. 3d at 556-57, 456 N.E.2d at 885.

■ Additionally, the submitted instruction contained the word "any" as the choice of the three bracketed words in the first sentence of IPI Civil 2d No. 15.01. As in *Willson*, we believe that this word in the instruction permitted the jury to determine that there may be more than one cause of injury. We, therefore, affirm the trial court's decision to deny plaintiff's instruction No. 10 and to submit defendant's instruction No. 1.

Plaintiff further submits that the trial court erred in giving defendant's instruction No. 12A, wherein it stated that "defendant further claims that the foregoing was the sole proximate cause of plaintiff's injuries." Plaintiff's argument is that defendant's affirmative defense does not assert plaintiff's negligence was the sole proximate cause of his injuries, but merely a proximate cause that should reduce any recovery. Moreover, plaintiff asserts that the trial judge first refused the purported language in defendant's first tendered instruction but later allowed that same language over plaintiff's objection in a subsequently tendered modified instruction. Defendant counters that the instruction merely conforms to its theory of the case and the evidence presented that plaintiff's actions were the sole cause of his injuries.

█ The case law cited by plaintiff regarding this point is misplaced in that the cases discuss the submission of jury instructions pertaining to intervening or concurrent causes of injury by a third party. Nonetheless, the record clearly reveals that the proffered language of "sole proximate cause" was initially refused by the trial court after lengthy discussion and was later accepted without comment as to why the change in ruling. Moreover, the notes on use for IPI Civil 2d No. A 20.01 state that "[t]his instruction must be modified to fit the allegations of the complaint and answer. The bracketed materials cover various contingencies that may result from the pleadings." (IPI Civil 2d No. 20.01, Notes on Use, at 102.) We find no comment as to whether the instruction terminology can be phrased in a manner different than the pleadings and therefore infer that it may not. While defendant is certainly entitled to have instructions in conformity with the theory of its case, the theory must first be evident in the pleadings to be reiterated in the jury instructions. Here, defendant's affirmative defense does not allege in any manner that plaintiff's negligence was the sole proximate cause of his injuries, only that plaintiff's negligence was a proximate cause. The instruction was therefore inconsistent with the pleadings, and the language "sole proximate cause" should not have been allowed.

The trial court also prohibited plaintiff's introduction into evidence, as admissions, certain allegations contained in defendant's third-party complaint against Arbanis Construction, Inc. (Arbanis). At the commencement of the second trial, over objection of plaintiff, the trial court allowed defendant's motion *in limine* concerning allegations of the third-party complaint. Basically, the third-party complaint charged Arbanis, the company that constructed the scale, with negligence in failing to construct a concrete slab of sufficient width to be walked on safely and in failing to elevate the adjacent ground to eliminate any change in level.

█ It is well settled that alternative fact pleading made in good faith cannot be used as an admission against interest so as to be admissible against the pleader. (*Illinois Casualty Co. v. Turpen* (1980), 84 Ill. App. 3d 288, 405 N.E.2d 4. See also *Alley v. Champion* (1979), 75 Ill. App. 3d 878, 394 N.E.2d 735.) However, where allegations are not pleaded in the alternative or hypothetically, they may be used as admissions against the pleader. See *Associated Claims Service, Inc. v. Rinella & Rinella* (1979), 79 Ill. App. 3d 1023; *Koenig v. 399 Corp.* (1968), 97 Ill. App. 2d 345.

█ Plaintiff attempted to admit only certain paragraphs of defendant's third-party complaint and makes the argument that those

particular paragraphs, being 3 through 6, are not pleaded in the alternative. Our review of defendant's third-party complaint verifies, however, defendant's position that the complaint is pleaded alternatively when read as a whole. In *Tuttle v. Fruehauf Division of Fruehauf Corp.* (1984), 122 Ill. App. 3d 835, 462 N.E.2d 645, it was stated:

> "We believe that '[a] party wishing to make alternative or contingent claims should not be placed in the perilous situation of either foregoing one claim or having one claim used against another as an admission.' (*Slocum v. Ford Motor Co.* (1981), 111 Mich. App. 127, 134, 314 N.W.2d 546, 549; see *Continental Insurance Co. v. Sherman* (5th Cir. 1971), 439 F.2d 1294, 1298-99.) Moreover, we do not believe there is some magic in labeling inconsistent pleadings 'alternative' or 'hypothetical' which involves the principle underlying the alternative pleading rule. (See *Slate Printing Co. v. Metro Envelope Co.* (N.D. Ill. 1982), 532 F. Supp. 431, 436.)" *Tuttle*, 122 Ill. App. 3d at 842, 462 N.E.2d at 651.

Paragraph 7 of defendant's third-party complaint against Arbanis clearly states that defendant denies liability to plaintiff, but if found liable then claims that Arbanis is liable. We do not condone plaintiff's attempt to introduce portions of defendant's third-party complaint out of context, and the trial court properly excluded this evidence.

The last issue to be addressed regards the trial court's failure to ask prospective jurors plaintiff's proposed questions on bias, interest and prejudice. Illinois Supreme Court Rule 234 states:

> "The court shall conduct the *voir dire* examination of prospective jurors by putting to them questions it thinks appropriate touching their qualifications to serve as jurors in the case on trial. The court may permit the parties to submit additional questions to it for further inquiry if it thinks they are appropriate, or may permit the parties to supplement the examination by such direct inquiry as the court deems proper. Questions shall not directly or indirectly concern matters of law or instructions. The court may acquaint prospective jurors with the general duties and responsibilities of jurors." (107 Ill. 2d R. 234.)

Absent going specifically into each question asked, we have reviewed the record and are of the opinion that the trial court, on the whole, asked questions which adequately tested the impartiality and qualifications of prospective jurors to render a decision without bias, prejudice or partiality. *Benuska v. Dahl* (1980), 87 Ill. App. 3d 911, 410 N.E.2d 249.

Finally, plaintiff alleges that the trial court improperly instructed the jury regarding plaintiff's failure to mitigate damages and the burden of proof involved therewith. Inasmuch as the jury had no occasion to consider damages, we do not believe it appropriate to determine these issues.

 Taken as a whole, there is a sufficient accumulation of evidentiary and instructional errors to believe that the plaintiff was prejudiced. Therefore, the decision of the trial court denying plaintiff's post-trial motion for a new trial is reversed and the cause remanded for a new trial.

Reversed.

HEIPLE and STOUDER, JJ., concur.