SUSAN M. TOPPEL, Plaintiff-Appellant, v. LUIS REDONDO, Defendant-Appellee.

First District (5th Division)    No. 1—92—0999

Opinion filed May 28, 1993.—Rehearing denied June 23, 1993.—Modified opinion filed July 30, 1993.

Raymond P. Concannon, Ltd., of Chicago (Raymond P. Concannon and Michael P. Concannon, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (William C. Anderson III, Hugh C. Griffin, and Diane I. Jennings, of counsel), for appellee.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Susan M. Toppel appeals from a jury verdict in favor of defendant Dr. Luis Redondo in this medical malpractice action. Plaintiff injured her left knee in a softball game. She was treated by Dr. Redondo, an orthopedic surgeon, who performed arthroscopic surgery on her knee. When plaintiff continued to experience pain in her knee, she saw another orthopedic surgeon, Dr. Fossier, who performed an arthroscopic examination and then reconstructive surgery of plaintiff's knee. Plaintiff still continued to experience pain in her knee.

■ Plaintiff's first contention is that defendant should not have been permitted to read part of Dr. Fossier's evidence deposition at trial. Because Dr. Fossier was unable to testify at trial, his evidence deposition was taken two months before trial. During his cross-examination, Dr. Fossier identified defendant's exhibit No. 1 as the letter that he wrote declining to testify as an expert on plaintiff's behalf. In his letter, Dr. Fossier stated:

> "While I do not necessarily agree with the way Dr. Redondo proceeded with the treatment of Ms. Toppel's torn anterior cruciate ligament, I do not think that based on the review of the records which you have provided that his care necessarily constitutes a claim of malpractice."

Plaintiff objected at both the evidence deposition and at trial, stating that Dr. Fossier should not be allowed to testify on cross-examination as to the contents of his letter since this went beyond the scope of direct examination. Plaintiff maintains that on direct examination Dr. Fossier testified only as to his care and treatment of the plaintiff and no questions or responses were given regarding the appropriateness of defendant's care. Plaintiff contends that the error was compounded by the fact that defense counsel also used the letter in cross-examination of plaintiff's expert, Dr. Kane, and the trial court then allowed Dr. Fossier's letter to be given to the jury during deliberations.

A similar situation occurred in *Gust K. Newberg, Inc. v. Illinois State Toll Highway Authority* (1987), 153 Ill. App. 3d 918, 506 N.E.2d 658, wherein the defendant objected that the plaintiff's cross-examination during an evidence deposition went beyond the scope of the direct. The court concluded:

> "We agree with [plaintiff] that a separate notice of deposition need not have been given by [plaintiff], but we disagree that it was appropriate for [plaintiff] to cross-examine [the witness] beyond the bounds of the direct examination without first concluding the [defendant's] examination. *** [I]n an evidence deposition the examination and cross-examination shall be the same as though the deponent were testifying at trial. (103 Ill. 2d R. 206(c)(2).) Cross-examination is limited to subjects covered in direct examination, because other subjects would not be relevant. [Citation.] The proper procedure for [plaintiff's] counsel to have followed would have been to limit his scope of cross-examination and, after concluding his cross-examination, proceed to examine the witness directly." (*Newberg*, 153 Ill. App. 3d at 930, 506 N.E.2d at 666.)

The court in *Newberg* did not, however, reverse on this basis since it found the witness' testimony to be irrelevant.

Here, Dr. Fossier's letter was indeed relevant. It bore directly on whether defendant's treatment of plaintiff constituted malpractice. Although defendant concedes that his cross-examination of Dr. Fossier went beyond the scope of the direct, we decline to reverse on this basis. Plaintiff does not dispute that Dr. Fossier's testimony regarding the contents of his letter was admissible evidence. Instead, plaintiff contends that he was prejudiced by the introduction of this evidence at the improper time. We, however, do not believe that the jury verdict would have been any different if the evidence had been introduced at the proper time.

■ Plaintiff next contends that the trial court erred in allowing into evidence an article entitled, "The Incomplete Tears of the Anterior Cruciate Ligament and Knee Locking," written in part by defendant's expert, Dr. Noble. In support of her assertion, plaintiff relies on *Mielke v. Condell Memorial Hospital* (1984), 124 Ill. App. 3d 42, 463 N.E.2d 216, and *Schuchman v. Stackable* (1990), 198 Ill. App. 3d 209, 555 N.E.2d 1012, wherein it was held that an expert witness on direct examination may not read into evidence excerpts from articles and treatises which support his testimony. Those cases are not applicable here, however, since Dr. Noble simply identified the article as one that he authored and at no point discussed or relied on the article during his testimony.

It was during the cross-examination of plaintiff's expert, Dr. Kane, that the contents of Dr. Noble's article were brought before the jury. During the cross-examination Dr. Kane admitted that if plaintiff's injury was an incomplete tear, that type of injury was discussed in Dr. Noble's article and according to the article, defendant's treatment of the injury was within the standard of care. Plaintiff does not dispute that defendant's cross-examination was proper since the law clearly states that an expert witness may be cross-examined as to the views of recognized authorities expressed in treatises or professional periodicals. (*Hollembaek v. Dominick's Finer Foods, Inc.* (1985), 137 Ill. App. 3d 773, 484 N.E.2d 1237; see *Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 211 N.E.2d 253.) Because the contents of the article were properly brought before the jury during Dr. Kane's cross-examination, there is no need to reverse on the basis that this article was allowed to go to the jury room. The trial court has broad discretion in determining what exhibits may be taken to the jury room, and absent a determination that the exhibit was both erroneous and prejudicial, the appellate court will not re-

verse the trial court's decision. *Bautista v. Verson Allsteel Press Co.* (1987), 152 Ill. App. 3d 524, 504 N.E.2d 772.

■ Plaintiff's final contention is that the trial court failed to instruct the jury on her theory of the case. The issues instruction given to the jury states plaintiff's claims that defendant negligently:

> "(a) failed to properly treat plaintiff's completely torn left anterior cruciate ligament by placing sutures into it; (b) ordered physical therapy with flexion and extension to plaintiff's left knee at a point in time when such care was contraindicated; and (c) failed to keep plaintiff's left knee properly immobilized for a sufficient period of time to allow healing to take place."

Plaintiff claims that the trial court erred when it refused to include in the instruction plaintiff's claim that defendant negligently "failed to undertake complete reconstruction of plaintiff's torn left anterior cruciate ligament." This statement, however, did not accurately reflect the evidence as presented at trial. Plaintiff's expert, Dr. Kane, testified that to repair a completely torn anterior cruciate ligament it would have been within the standard of care for defendant to perform complete reconstruction on plaintiff's knee or to do nothing at all. Since the instruction as proposed by plaintiff did not accurately or completely reflect the evidence at trial, the trial court properly refused to give this instruction to the jury. See *Skonberg v. Owens-Corning Fiberglass Corp.* (1991), 215 Ill. App. 3d 735, 576 N.E.2d 28 (where part of a jury instruction is correct and part is incorrect, the entire instruction should be denied).

Accordingly, for the reasons set forth above, we affirm the decision of the trial court.

Affirmed.

MURRAY and COUSINS, JJ., concur.